111 519
s117 579

111 519
e128 244

111 519
143 138

[S. F. No. 309.   Department One.—March 11, 1896.

HIBERNIA SAVINGS AND LOAN SOCIETY, RESPONDENT, v. ANNA A. LEWIS ET AL., DEFENDANTS. J. D. BOYER, APPELLANT.

FORECLOSURE OF MORTGAGE—ORDER REFUSING TO VACATE DECREE—APPEAL—SERVICE OF NOTICE—ADVERSE PARTY—DISMISSAL.—Upon appeal by a vendee of the mortgagor from an order refusing to vacate a decree of foreclosure of a mortgage, a defendant who has claimed a second lien upon the premises, and whose lien is directed to be paid out of the proceeds of sale, after the satisfaction of plaintiff's mortgage, is an adverse party to the appeal who must be served with the notice of appeal, and if not so served, this court has no jurisdiction of the appeal, and it must be dismissed.

ID.—WAIVER OF SERVICE—APPEARANCE.—A mere waiver of service of the notice of appeal by the subsequent lienholder cannot give the appellate court jurisdiction of the appeal, where the notice was not addressed to such lienholder, and there was no appearance entered by him either in person or by attorney.

ID.—SALE UNDER DECREE—PURCHASE BY PLAINTIFF—WRIT OF ASSISTANCE—APPEAL—SERVICE OF NOTICE.—Where, upon the sale of the mortgaged premises under the decree of foreclosure, the plaintiff became the purchaser thereof, only the purchaser, and the party against whom a writ of assistance is ordered, are necessary parties to an appeal from the order granting a writ of assistance, and it is not necessary upon such appeal to serve the notice upon a defendant who was a subsequent lienholder, such defendant having ceased to have any interest in the land sold under the decree.

MOTION to dismiss appeals from an order of the Superior Court of the City and County of San Francisco, refusing to vacate a judgment, and from an order granting a writ of assistance.    A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*J. D. Boyer*, Appellant in *pro. per.*

The pavement company was not an adverse party. (*In re Ryer's Estate*, 110 Cal. 556; *White* v. *Patton*, 87 Cal. 151; *Hibernia etc. Soc.* v. *Clarke*, 110 Cal. 27; *Kreiss* v. *Hotaling*, 96 Cal. 622, 623.) This court has jurisdiction to hear and determine these appeals. (*Boyer* v. *Superior Court*, 110 Cal. 401; *Warren* v. *Hopkins*, 110 Cal. 506.)

*Tobin & Tobin*, for Respondent.

The pavement company is an adverse party. (*In re Castledome etc. Co.*, 79 Cal. 249; *Miller* v. *Richards*, 83 Cal. 563; *Senter* v. *De Bernal*, 38 Cal. 640; *O'Kane* v. *Daly*, 63 Cal. 317; *Harper* v. *Hildreth,* 99 Cal. 268.)

HARRISON, J.—Motion to dismiss the appeals.

This action was brought for the foreclosure of a mortgage executed to the plaintiff by the defendant Lewis. The Santa Cruz Rock Pavement Company was made a defendant under an allegation that it claimed some interest in the mortgaged lands, and filed an answer setting forth its claim of lien.    Judgment was rendered in favor of the plaintiff for the amount of its claim, and also in favor of the pavement company, and directing a sale of the mortgaged premises and the application of the proceeds to the payment of the plaintiff's claim, and the surplus, if any there be, to the payment of the claim of the pavement company.    Thereafter J. D. Boyer, claiming to have succeeded to the interest of the mortgagors in the land by conveyance from them subsequent to the commencement of the foreclosure suit, served upon the attorneys for the plaintiff, and for the pavement company, a notice of motion to vacate the judgment.    It does

not appear whether the mortgagors, or either of them, were served with this notice, or were before the court upon the hearing of the motion. This motion was denied, and from this order Boyer has appealed. The notice of appeal is directed to the attorneys for the plaintiff alone, and was neither directed to nor served upon the pavement company or its attorneys. Prior to giving notice of the aforesaid motion the mortgaged premises were sold to the plaintiff by virtue of the judgment, and after the issuance of the sheriff's deed upon said sale the plaintiff, upon affidavit that the lands were withheld by Boyer, and upon notice to him, applied for a writ of assistance, which was ordered by the court to be issued. From this order Boyer has also appealed, and has served his notice of appeal upon the plaintiff alone. The plaintiff now moves to dismiss each of the appeals, upon the ground that no notice of the appeal was served upon the pavement company. Subsequent to giving notice of this motion a document was filed in this court, signed by the attorneys for the pavement company, waiving service of the notice of the appeals by the defendant Boyer.

1. The pavement company was an "adverse party" upon the appeal from the order refusing to vacate the judgment, and without its presence this court would have no jurisdiction to reverse that order, and thus impair the rights which the judgment conferred upon it. The principle upon which an appeal is dismissed for failure to serve the adverse party with a copy of the notice of appeal is that without his presence the appellate court has no jurisdiction to render a judgment affecting his interests in the matter appealed from. If his interests will not be affected by a reversal or modification of the judgment, the want of such service will not deprive this court of jurisdiction; and, as it is only necessary that such adverse party be before the appellate court in such a manner that he will be bound by its judgment, it is immaterial whether his presence is by a voluntary appearance, or whether he has been brought

here by a hostile notice from the appellant. A respondent who is properly before the court, and who claims that another party to the action is an adverse party who should also be before the court, cannot object to the manner by which the court obtains jurisdiction of such party, whether it be by his voluntary appearance, or upon the service of a notice of the appeal.

The pavement company has not, however, appeared in this court or authorized an appearance here for it. The document waiving the service of the notice of appeal is ineffective, unless followed by some other act equivalent to an appearance, by which it would be bound by the judgment of the court. As the notice of appeal herein is directed to the plaintiff alone, its service upon the pavement company would not have the effect to bring that defendant before the court (*Williams* v. *Bergin*, 108 Cal. 166), and the waiver of such service would be equally ineffective. (*San Bernardino Inv. Co.* v. *Merrill*, 108 Cal. 490.) The notice of appeal, by which the adverse party is brought under the jurisdiction of this court, corresponds to the summons by which he is brought before the superior court, although the service thereof, instead of being personal, may be made upon his attorney. The notice itself, like the issuance of a summons, may be waived. A voluntary appearance will be equivalent to a personal service of the notice, but the mere waiver of the service is insufficient. There must, in addition, be given a notice of appearance, either in person or by an attorney. (Code Civ. Proc., sec. 1014.)

2. Upon the appeal from the order granting a writ of assistance, the pavement company is not an adverse party. By the sale of the mortgaged premises and the execution of the sheriff's deed thereunder, the pavement company has ceased to have any interest in the judgment directing the sale of the land, or in the land which is sold. Only the purchaser at that sale, and the party against whom the writ of assistance was ordered, are necessary parties to the appeal from that order.

The appeal from the order refusing to vacate the judgment is dismissed. The motion to dismiss the appeal from the order granting a writ of assistance is denied.

GAROUTTE, J., and VAN FLEET, J., concurred.