[S. F. No. 2202.    Department One.—March 28, 1900.]

In the Matter of the Estate of HENRY C. NELSON, Deceased. E. C. CRANE, etc., et al., Appellants, v. J. W. GOAD, etc., et al., Respondents.

APPEAL—ADDRESS OF NOTICE—DISMISSAL.—A notice of appeal is not required to be addressed to the persons constituting the adverse parties thereto, and the fact that it is addressed to the attorneys on whom it is properly to be served under the provisions of sections 940 and 1015 of the Code of Civil Procedure is not ground for the dismissal of the appeal.

ID.—AMENDABLE MISTAKE OF SCRIVENER—APPEAL.—Where attorneys served had appeared for three executors, the fact that the notice described them as "attorneys for executor" will be deemed a mere mistake of the scrivener, which could not have misled the attorneys. Such mistake is amendable, of course, under section 473 of the Code of Civil Procedure, and will be disregarded upon appeal.

ID.—RIGHT OF APPEAL—CONSTITUTION—LIBERAL CONSTRUCTION OF STATUTES AND RULES.—The right of appeal is conferred by the constitution, and statutes and rules of procedure for its exercise are to be liberally construed; and no appeal will be dismissed on technical grounds, where there has been no violation or disregard of any express rule of procedure.

MOTION to dismiss appeal from a judgment of the Superior Court of Colusa County against revocation of the probate of a

will and from an order denying a new trial.  H. M. Albery, Judge.

The facts are stated in the opinion of the court.

Clunie & Bridgford, Crittenden Thornton, E. Weyand, and E. T. Crane, for Appellants.

Platt & Bayne, and H. A. Powell, for Respondents.

HARRISON, J.—Motion to dismiss the appeal.  After the will of the above-named decedent had been admitted to probate, certain of his heirs filed a petition for the revocation of its probate.  This petition was answered on behalf of three executors by their attorneys, Platt & Bayne and H. A. Powell— one executor not appearing to the citation therein; and by the devisees and legatees under the will by their attorney, Edwin Swinford.  Upon a trial of the issues made by these answers judgment was rendered against the petitioners, and their motion for a new trial was afterward denied.  From this order the present appeal has been taken.

The notice of appeal is directed "To Messrs. Platt & Bayne, attorneys for executor, Edwin Swinford, attorney for legatees and devisees, and the clerk of said court."  It was filed with the clerk and served on Mr. Platt of the firm of Platt & Bayne. An admission of its service was made on Mr. Swinford, and also by the nonappearing executor.

The executors for whom Messrs. Platt & Bayne appeared have moved to dismiss the appeal on the ground that the notice of appeal is not addressed to any of the executors of said will, or to any of the legatees or devisees under the will, and on the further ground that the notice of appeal is addressed to Messrs. Platt & Bayne, attorneys for executor, without saying for which executor.

Section 940 of the Code of Civil Procedure provides that: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specified part thereof, and serving a similar notice on the adverse party or his attorney."  There is no requirement herein that the notice shall be "addressed" to the persons who constitute the "adverse party,"

and the provision that the notice shall be served upon "the adverse party or his attorney" is to be read in connection with section 1015 of the Code of Civil Procedure that "in all cases where a party has an attorney in the action or proceeding, the service of papers when required must be upon the attorney instead of the party." The notice of appeal is not process requiring personal service for the purpose of bringing the respondent before the court, but is the declaration of an intention to take further proceedings in a pending cause, and, like all other notices in the cause, the statute requires it to be in writing and to be served upon the attorney of the party instead of the party himself. In form it must sufficiently indicate the order or judgment from which the appeal is taken, but it would be insisting upon an idle ceremony to require that the notice should be addressed to the party as well as to his attorney, when the statute provides that the party can receive the information only through a service of the notice upon his attorney.

*Hibernia Sav. etc. Soc. v. Lewis*, 111 Cal. 519, cited by the respondent, does not present a different rule. The appeals in that case were by one of the defendants, and the paving company, one of his codefendants, was a necessary party to one of the appeals. His notice of appeal was not directed to this codefendant, nor to its attorneys, nor did the appellant in any mode make the paving company a party to his appeal. It was held that the service upon it of a document in which it was neither actually nor constructively referred to did not constitute a notice to it. While it was said that for some purposes or in some respects the notice of appeal "corresponds" to a summons, there is nothing in the opinion justifying the conclusion that it must contain all the elements of a summons. The notice of appeal in that case which was served upon the plaintiff was not addressed to it, but was directed solely to its attorneys, as is the notice in the present case, and was held sufficient for the appeal as to the matters in which the plaintiff alone was concerned as respondent.

The sufficiency of the notice is not impaired by being directed to Platt & Bayne, attorneys for "executor," instead of "executors." This was evidently a mere mistake of the scriv-

ener, and could not by any possibility have been misleading. Under section 473 of the Code of Civil Procedure the appellant would have been permitted to amend the notice by correcting the mistake (see *Walton v. Marietta Chair Co.*, 157 U. S. 342); and where the amendment would follow as a matter of course, the mistake is upon an appeal to be disregarded. (Code Civ. Proc., sec. 475. See *Alameda County v. Crocker*, 125 Cal. 101.) The right of appeal is conferred by the constitution, and statutes and rules of procedure for its exercise are to be liberally construed. We are not disposed to dismiss an appeal upon grounds that are purely technical where there has been no violation or disregard of any express rule of procedure.

The motion is denied.

Garoutte, J., and Van Dyke, J., concurred.