[S. F. No. 3898.    In Bank.—September 8, 1904.]

## MARY S. ROHRBACHER, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

FORECLOSURE OF PLEDGE TO SECURE NOTE—APPEAL—STAY-BOND—SUPERSEDEAS.—Upon appeal by the pledgor from a judgment foreclosing a pledge given as collateral security for a note, and directing a sale of the pledged property, the ordinary undertaking in the sum of three hundred dollars is sufficient to stay execution of the judgment, and where execution thereof is threatened this court will grant a writ of *supersedeas* to stay proceedings pending the appeal.

PETITION for Writ of Supersedeas to stay execution upon appeal from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Campbell, Metson & Campbell, for Petitioner.

Aitken & Skaife, for Respondents.

VAN DYKE, J.—This is an application for *supersedeas* upon the giving of the ordinary undertaking of three hundred dollars on an appeal from a judgment in an action brought by J. C. Cullen, as assignee of John R. Aitken, against the petitioner, Mary S. Rohrbacher. The action of Cullen *v.*

Rohrbacher is founded upon a promissory note made and executed by the defendant therein, Rohrbacher, bearing date March 20, 1899, and payable to the order of John R. Aitken, for the sum of $3,250 six months after the date thereof, and as collateral security for the payment of said note, the maker thereof, Mary S. Rohrbacher, transferred and deposited with said Aitken, by way of pledge, a certificate of the capital stock of the Sunnyside Land Company, and also a certain order of said superior court in the matter of the estate of Philip Rohrbacher, deceased, for family allowance, of three hundred dollars per month during the progress of the settle-ment of said estate. It is found by the court below as a conclusion from the facts in the case, that the plaintiff in said action have judgment against the defendant, petitioner herein, for the sum of $4,199.16 "and a decree of this court foreclosing the pledged property described in the complaint, and for a sale of said property to satisfy the liens thereon," and by the decree R. H. Fitzgerald was appointed commis-sioner for the purpose of making the said sale.

To the petition filed herein respondents interposed a gen-eral demurrer. The question presented, therefore, is whether upon the facts stated in the petition the case falls within section 943 of the Code of Civil Procedure, as claimed by the respondent. That section provides, among other things, that if the judgment or order appealed from direct the assignment or delivery of documents or personal prop-erty, the judgment is not stayed unless the things required to be assigned or delivered be placed in the custody of such officer or receiver as the court may appoint, or unless an undertaking be given in the amount to be fixed by the court, to the effect that the appellant will obey the order of the appellate court upon the appeal; or if the judgment or order appealed from direct the sale of personal property upon the foreclosure of a mortgage thereon, the execution of the judg-ment or order cannot be stayed on appeal unless an under-taking be entered into in such amount as the court or judge thereof may direct, to the effect that the appellant will on demand deliver the mortgaged property to the officer, if the judgment be affirmed, etc. This, however, was not a mort-gage of personal property, but was a pledge,—that is, a de-livery of the certificate of stock and an assignment of the

order,—which was all that could be done on the part of the defendant in said action to transfer and assign the said property as security for said indebtedness. As stated in *Pennie* v. *Superior Court,* 89 Cal. 33, "The general rule, as declared in section 949 [Code Civ. Proc.] is, that the three-hundred-dollar undertaking mentioned in section 941 stays proceedings in the court below from the judgment or order appealed from. The exceptions are contained in sections 942 to 945 inclusive; and those sections apply to cases where the appellant has money or other property in his possession which has been adjudged by the lower court to belong to the respondent, or where the appellant has been directed to do some act for the benefit of the respondent, and where it would be unjust to allow the appellant to retain the possession of the property, and perhaps dissipate it, or put it out of his power to perform the act required, without securing respondent by a bond." (See, also, *In re Schedel,* 69 Cal. 241; *Born* v. *Horstmann,* 80 Cal. 452; *In re Wood,* 94 Cal. 567; *McCallion* v. *Hibernia etc. Society,* 98 Cal. 442.)

The certificate of stock and order in question were personal property, and as such the former may be transferred by the owner. (Civ. Code, secs. 953, 954.) We may, for the purposes of this case, assume that the latter also may be assigned. A pledge is a deposit of personal property by way of security for the performance of another act, and every contract by which the possession of personal property is transferred as security only is to be deemed a pledge. (Civ. Code, secs. 2986, 2987.) In the petition herein it is stated that the petitioner is not now in the possession of said personal property, and cannot, on demand or otherwise, deliver the said alleged pledged property to said R. H. Fitzgerald, the officer directed by said judgment and decree to sell the same, if the said judgment appealed from be affirmed, and that said J. C. Cullen is now in possession of said property, and can at any time deliver the same to said R. H. Fitzgerald should said appeal be affirmed. And it appears that the court below, by its finding and decree as well as by the allegation of the petition herein, treated the choses in action in question as having been transferred by way of pledge and within the control and possession of the plaintiff in said action.

Under the facts in the case the petitioner is entitled to *supersedeas,* and the writ will accordingly issue.

Shaw, J., Angellotti, J., McFarland, J., Beatty, C. J., and Lorigan, J., concurred.