[Civ. No. 670.   Third Appellate District.—November 6, 1909.]

## CONTINENTAL BUILDING AND LOAN ASSOCIATION, a Corporation, Respondent, v. LOUIS WOOLFF and MARY L. WOOLFF, Appellants.

APPEAL—MOTION TO DISMISS—FAILURE TO FILE TRANSCRIPT IN TIME—REASONABLE EXCUSE FOR DELAY.—A motion to dismiss an appeal for failure to file the transcript in time will not be granted where a reasonable excuse is shown for the delay in the preparation of the transcript, so that it was not in a suitable condition to be served and filed within the time prescribed by rule 2.

ID.—APPLICATION OF RULE 5—PRIOR SERVICE OF TRANSCRIPT—SUBSEQUENT FILING EXCUSED.—Where it appears that the transcript was served prior to the motion to dismiss, and if the clerk of the appellate court had been in his office when it was presented for filing it would have been filed prior to the motion to dismiss, which would have been a complete answer to the motion, under rule 5, and where the circumstances connected with the filing, in the absence of the

clerk from his office, show a reasonable excuse for delay in filing the transcript until shortly after the filing of the motion to dismiss, rule 5 will still be applied.

Id.—Equitable Construction of Rule 5.—By an equitable construction of rule 5, with reference to the circumstances of this case, appellants may be relieved of the severe penalty sought to be imposed upon them by the respondents; and it appearing that the transcript was first served prior to the service of the motion with intent to file it on the same day, and that it was so filed, it would do no violence to rule 5 to hold that the transcript was on file at the time of the noticing and filing of the motion to dismiss, within the spirit, if not within the letter, of rule 5.

Id.—Statutes and Rules Construed Liberally in Favor of Right of Appeal.—The right of appeal being conferred by the constitution, statutes and rules of procedure should be construed liberally in favor of the exercise of such right.

Id.—Circumstances to be Considered in Determining Remedy—Engagements of Counsel.—Though the necessary engagements of counsel for appellants in other causes is not of itself an excuse for delay in exercising the remedy by appeal; yet it is a circumstance to be considered in connection with facts and circumstances shown in determining the existence or loss of the remedy by appeal.

Id.—Appeal to District Courts of Appeal—Reasonable Discretion—Hearing on Merits.—Where appeals are taken directly to the district courts of appeal, they are vested with a reasonable discretion in determining questions involving the application of the rules of the court to such an appeal, which should be exercised in favor of a result which is just, and "tends to bring about a hearing on the merits, which is always to be desired."

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, for Appellants.

Gavin McNab, for Respondent.

HART, J.—This is a motion to dismiss the appeal in this action on the ground that no transcript herein has been filed within the time prescribed by rule 2 of this court.

The record on this motion and upon which it is pressed consists of a certificate of the county clerk of the city and

county of San Francisco, a certificate of the clerk of the district court of appeal of the first district, an affidavit of Bronte M. Aikins, one of the attorneys for the respondent, and an affidavit of the attorney for the appellants.

From the certificate of the county clerk these facts appear:

That a judgment was rendered by the superior court in and for the city and county of San Francisco and entered in favor of plaintiff and against defendants, for the possession of certain real property, situated in said city and county, on the second day of December, 1908; that thereafter—on the twenty-ninth day of March, 1909—a notice of appeal was filed by defendants, appealing from said judgment; that said notice of appeal was served upon the attorneys for plaintiff on said twenty-ninth day of March, 1909; that an undertaking on appeal was filed by the appellants on the ninth day of April, 1909; that "the sureties thereon made affidavit in the sum of $150 each and no more"; that "the only bill of exceptions or statement on appeal settled herein is a bill of exceptions upon a motion to set aside said judgment"; that the appellants received a duly certified transcript of the record herein on the seventeenth day of May, 1909, and "that no notice of a motion for a new trial, or order denying a new trial herein, is of record in this office."

Aikins deposes that on the twenty-ninth day of March, 1909, the defendants served on attorneys for the plaintiff a notice of appeal from the judgment entered in favor of plaintiff and against the defendant on the second day of December, 1909; "that no notice of motion for a new trial, or order denying a new trial herein, has been served upon attorneys for plaintiff herein."

Aikins further deposes, in his affidavit of service of the notice of motion to dismiss the appeal, that he served said notice on the attorney for the appellants at twenty-three minutes to 1 o'clock P. M., on said twenty-first day of May, 1909.

The clerk of the district court of appeal for the first district, to which court this cause was originally appealed, it having been subsequently transferred to this court for decision, certifies that the transcript was filed in his office on the day on which the notice of motion to dismiss the appeal was filed, to wit, on the twenty-first day of May, 1909, the notice of motion to dismiss having been filed first in point of time,

according to the order in which the filings appear in the register of actions of said court.

Resistance to the motion to dismiss is interposed and based upon the affidavit of Wm. Hoff Cook, attorney for the appellants. The facts set forth in said affidavit are, in substance, as follows, after reciting the fact of the judgment having been entered against the appellants: That affiant, in behalf of his clients, moved to set aside and vacate said judgment, and that on February 11, 1909, the court made the following order on said motion: "Ordered, that if, within fifteen days, defendants pay to plaintiff the sum of $1,062, said motion be granted, and if not so paid, motion be denied"; that defendants did not receive notice of said order until March 3, 1909, and then refused to abide thereby; that "in due time thereafter affiant duly prepared a draft of a proposed bill of exceptions in relation to said judgment and motion and order, but plaintiff's attorneys obtained extensions of time to prepare any amendments thereto until April 10, 1909''; that affiant, who is assistant district attorney of the city and county of San Francisco, was, as such official, on the thirtieth day of March, 1909, compelled to go to the city of Washington, D. C., on official business, and there argue cases before the United States supreme court, and that he returned from Washington on the eighteenth day of April, 1909. On the following day—April 19th—affiant found in his office certain proposed amendments of plaintiff to said bill of exceptions, said amendments having been left there during his absence; that affiant "immediately requested the judge of said court to fix an early date for the settlement of said bill," urging the fact that he desired to have the transcript on appeal filed within forty days from March 29, 1909; that, thereupon, said judge fixed April 23, 1909, as the time for the settlement of said bill, "but plaintiff through an attorney caused a delay of the settlement thereof, and affiant stated several times to said attorney of plaintiff that he wished to have an immediate settlement thereof for the aforesaid reasons, but said attorney then and there representing plaintiff asked for continuances, and told said judge and affiant that the time for filing said transcript would not begin to run until the settlement of said bill of exceptions, and affiant considered said statements in the nature of a stipulation or an estoppel extending the time for filing such transcript on appeal. That

said bill of exceptions, by reason of plaintiff's acts, was not settled and signed until April 30, 1909.'' Affiant alleges that he at once proceeded to prepare the necessary papers for said transcript so that it could be printed; that he put the transcript in the hands of the printer on the fourth day of May, and urged the printing of the same so that he could have it for filing on the ninth day of May, but that the printer did not have the printed transcript completed until May 13, 1909; that on May 14th he ''furnished a copy thereof to plaintiff's attorney with the original thereof, and requested him to sign the stipulation therein as to its correctness,'' which plaintiff's attorney refused to do, ''stating that he did not have the time to spare, and thereupon affiant took such original to the county clerk and requested his certificate thereto; that said county clerk could not, and did not, give affiant said original again until the afternoon of May 17, 1909.'' On the last-mentioned date, affiant was required by his official duties to prepare a brief in an important criminal case, then pending on appeal before the supreme court, which brief was required to be prepared, printed and filed by May 22, 1909; that on May 18, 1909, affiant was, in his official capacity, engaged during the entire day in the argument of a case before one of the departments of the superior court of the city and county of San Francisco, and that on the 19th and 20th of May affiant was engaged in writing the brief referred to, finishing the preparation of the same on the 20th of May. On the 21st of May, 1909, about the hour of 10 o'clock A. M., affiant served the transcript on appeal on plaintiff's attorney, and later that morning, ''made corrections in the copies to correspond with the said original, as certified by the county clerk, and it was impossible for affiant to file said original transcript before 1 o'clock P. M. of said twenty-first day of May, 1909, by reason of being obliged to make said corrections, and by reason of being occupied with other official matters, and furthermore affiant had no reason to believe from the past conduct of plaintiff's attorney that he claimed said transcript to have been served too late.'' Affiant explains that he caused the transcript to be filed under the following circumstances: ''About quarter of One o'clock of May 21st 1909 affiant was at the office of the Clerk of this court to file said original Transcript on Appeal, and also the requisite number of copies thereof, but said office was closed, and there-

upon affiant went into the office of the Clerk of the State Supreme Court, in the same building, and on the same floor thereof, to leave there the requisite number of copies of said transcript for said court, and the official then in charge of said office was Mr. I. Erb. That affiant left with said Erb said copies, and also said Erb took said original transcript on appeal and the requisite number of copies thereof for this court, and told affiant that he would deliver the same to the Clerk of this court as soon as he returned, and affiant is informed, and therefore alleges that said Erb did as he promised.''

The fact is not disputed that the transcript was not filed within forty days after the perfection of the appeal, as required by rule 2, and the further fact that at the precise time of the filing of the motion to dismiss the appeal the transcript had not been actually filed is not disputed.

Rule 5 of the supreme court provides, among other things, that ''if the transcript, or points and authorities, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be a sufficient answer to the motion.''

Briefly recapitulating the facts, we find that counsel for appellants served the transcript at about 10 o'clock of the twenty-first day of May, and the notice of motion to dismiss the appeal was served on appellants' counsel at twenty-three minutes to 1 o'clock P. M., of the same day. Counsel for appellants was at the office of the clerk of the court of appeal at about quarter to 1 P. M., and, the clerk of said court not being present, he left the original, with the requisite number of copies, with a deputy clerk of the supreme court, whose office is located in the same building and on the same floor, with the request that he file said transcript for him in the first-mentioned office as soon as the clerk thereof returned thereto, and that said deputy agreed to and did so file it. But it seems that in what appears to have been a contest of speed between opposing counsel to reach the office of the clerk of the district court of appeal for ''first place,'' the attorneys for the respondent were victorious, only by a ''neck,'' however. It is probable that had the clerk been in his office when counsel for appellants first appeared there, the transcript would have at least been filed before the motion to dismiss was filed. Under these circumstances, however, it is

asked that the appellants be deprived of their right to have the merits of their appeal passed upon by this court.

We recognize the proposition that the rules adopted by the supreme court for the government of the practice in the appellate courts of this state are as essential a part of the procedure in said courts as are the rules of practice and procedure laid down by the legislature, and that they should in all cases be substantially followed and enforced. But we think that, by an equitable construction of rule 5, with reference to the circumstances of this case, appellants may be relieved of the severe penalty which counsel for the respondent ask us to impose upon them. We think that counsel for appellants offers a reasonable excuse for the delay in the preparation of his transcript so that it was not in condition to be served and filed within the forty days prescribed by rule 2, *supra,* and we further think that, inasmuch as it appears, with reasonable certainty, from the fact of the service of the transcript before notice of the motion was given, that appellants intended, when making the service thereof, to file said transcript the very same day of such service, and from the fact that they did actually file it on that day, it would do no violence to rule 5 to hold that the transcript was on file at the time of the noticing and filing of the motion to dismiss within the spirit, if not within the strict letter, of said rule.

In *Vinson* v. *Los Angeles Pac. R. R. Co.,* 147 Cal. 483, [82 Pac. 54], it is said: "Whether or not circumstances of a particular case are such that the mistake or inadvertence should be excused is a question the determination of which must, of necessity, be left largely to the court to which application is made, and it is well settled that this court will not interfere with the exercise of the discretion of that tribunal, except in a case where a clear abuse of discretion is apparent. Particularly is this so where the discretion is exercised in favor of the granting of the relief sought, as such action tends to bring about a conclusion on the merits, which is always to be desired"; citing *O'Brien* v. *Leach,* 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004]. It is further said in that case that "the application for relief was made so promptly after the expiration of the ten days that no appreciable injury could have been caused to plaintiffs by the delay."

The transcript here was filed and the notice to dismiss given in such close proximity in time that it cannot be said that the granting to appellants relief from their apparent default has resulted or will result in injury to the respondent.

The right of appeal is conferred by the constitution, and statutes and rules of procedure for its exercise are to be liberally construed. (*Estate of Nelson,* 128 Cal. 242, [60 Pac. 772].) There is no denial here of any of the matters set forth in the affidavit of counsel for appellants with respect to the causes leading to the delay in the preparation of his transcript. While we do not wish to be understood as holding that the fact that an attorney is busy attending to other professional engagements is sufficient of itself to excuse a default such as is sought to be taken advantage of here, it is nevertheless a circumstance to be considered, and as considered with other facts set out in the affidavit of appellants' attorney, it must figure to some extent in the determination of the question whether the appellants shall, in this case, be denied their remedy by appeal which the constitution expressly grants to them.

The motion here, it must be remembered, is an original proceeding in this court in a case appealable directly to a district court of appeal, and we think that, while the rules of the court cannot under any circumstances be arbitrarily overlooked or set aside, a reasonable discretion should be committed to the district courts of appeal in the decision of questions involving the application of those rules in cases coming to said courts by direct appeal.

Even if, in reaching the conclusion upon this motion to which the circumstances lead us, rule 5 has been given a little elasticity, the respondent must in fairness concede that the result is just and "tends to bring about a conclusion on the merits which is always to be desired." (*Vinson* v. *Los Angeles Pac. R. R. Co.,* 147 Cal. 483, [82 Pac. 54].)

For the foregoing reasons, the motion to dismiss the appeal is denied.

Chipman, P. J., and Burnett, J., concurred.