[S. F. No. 6718. In Bank.—February 13, 1914.]

THE SOUTHERN PACIFIC COMPANY et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, N. P. CONREY, Judge thereof, and W. H. HOLABIRD, Commissioner, Respondents.

APPEAL—APPLICATION FOR SUPERSEDEAS—TITLE OF PROCEEDING.—It is irregular to entitle the application for a writ of *supersedeas* as an independent proceeding, and to enter it upon the register of actions as a cause separate from the appeal to which it relates. The motion should have the title of the cause on appeal, and be entered on the register as a motion in the cause and under the same number.

ID.—SUPERSEDEAS—NATURE OF WRIT—WHEN MAY BE ISSUED.—The power to issue a writ of *supersedeas* is one of the powers incidental to a court of last resort. It exists in cases where the writ is necessary to preserve the *status quo,* so that the rights involved in an appeal, when determined by the appellate court, may not be lost

or prejudiced by reason of the intervening execution of the judgment or order appealed from, in cases where the statute regulating a stay of proceedings on appeal makes no provisions for such stay in the particular case.

ID.—PURPOSE OF NEW METHOD OF APPEAL—AVOIDANCE OF TECHNICALITIES.—Sections 941a, 941b, and 941c, of the Code of Civil Procedure, providing an alternative mode of practice for taking an appeal, evince an intent to establish a more liberal rule than formerly prevailed and to regard substance rather than form.

ID.—NOTICE OF APPEAL—SUFFICIENCY UNDER NEW METHOD.—Under section 941b of the Code of Civil Procedure, the filing of a notice of appeal, stating all that is specifically mentioned in the section as parts of such notice, will constitute a valid appeal as to all the other parties to the action, if there is sufficient in the notice to identify the appellant; it is unnecessary to name all the adverse parties as such in the notice, and the mere mention of some of them as adverse parties does not vitiate the appeal as to the others.

ID.—DESIGN OF SECTION 941b OF CODE OF CIVIL PROCEDURE—NOTICE OF APPEAL.—The main design of section 941b in providing that the notice of appeal need not be served upon any of the parties, or their attorneys, but "when filed within the time herein specified it shall, without further action," transfer the cause to the higher court for determination, is to compel the prevailing parties to look to the files to ascertain whether or not an appeal has been taken and to avoid the necessity previously imposed upon the appellant of determining which of the parties were adverse parties to him upon his proposed appeal, and of finding them and serving upon them the required notice, at the peril of losing his appeal if he made a mistake in his endeavor to do so. The expression of certain things to be stated in the notice implies that other things are not regarded as essential.

ID.—UNDERTAKING ON APPEAL—SUFFICIENCY TO STAY PROCEEDINGS.—An undertaking on appeal in the sum of three hundred dollars is not sufficient to stay execution of the judgment which forecloses a trust deed for a large sum, on the theory that the judgment, from the nature of the case, directs the sale of personal as well as real property "as an entirety and in one parcel," and a writ of *supersedeas* will not be granted to stay proceedings upon the judgment pending the appeal.

APPLICATION for Writ of Supersedeas to be directed against the Superior Court of Los Angeles County, N. P. Conrey, Judge thereof, and W. H. Holabird, Commissioner.

The facts are stated in the opinion of the court.

Eugene S. Ives, and Irving M. Walker, for Petitioners.

Page, McCutchen, Knight & Olney, McCutchen, Olney & Willard, Walter K. Tuller, O'Melveny, Stevens & Millikin, Lee C. Gates, and W. B. Matthews, for Respondents.

SHAW, J.—The above is the title given by the above named petitioners to their application to this court for a writ of *supersedeas* to stay proceedings upon a judgment of the superior court of Los Angeles County. The judgment was rendered in an action entitled, Title Insurance & Trust Company *v.* California Development Company et al., from which judgment separate appeals, taken by each of said petitioners, respectively, are now pending in this court. Said appeals are entered together in the register of actions of this court as L. A. No. 3204. The clerk has entered this application for *supersedeas* on the register as a separate cause, with the title as above given to it by the petitioners, and has numbered it S. F. No. 6718.

It was irregular thus to entitle the application for a *supersedeas* as an independent proceeding and to enter it upon the register as a cause separate from the appeals to which it relates. The power to issue a writ of *supersedeas* is one of the powers incidental to a court of last resort. It exists in cases where the writ is necessary to preserve the *status quo* so that the rights involved in an appeal, when determined by the appellate court, may not be lost or prejudiced by reason of the intervening execution of the judgment or order appealed from, in cases where the statute regulating a stay of proceedings on appeal makes no provisions for such stay in the particular case. (*Hill* v. *Finnigan,* 54 Cal. 495; *Dulin* v. *Pacific Wood etc. Co.,* 98 Cal. 304, [33 Pac. 123]; *Williams* v. *Borgwardt,* 115 Cal. 618, [47 Pac. 594]; *Nonpareil Mfg. Co.* v. *McCartney,* 143 Cal. 3, [76 Pac. 653]; 20 Ency. of Plead. & Prac. 1237; *Davis* v. *Tarwater,* 13 Ark. 52.) Such writ may also be issued when it is necessary to stay or vacate proceedings below taken or attempted in defiance of a stay secured under the statute. (*Brown* v. *Rouse etc. Co.,* 115 Cal. 619, [47 Pac. 601]; *Owen* v. *Pomona Land & Water Co.,* 124 Cal. 332, [57 Pac. 71]; *McAneny* v. *Superior Court,* 150 Cal. 9, [87 Pac. 1020].) Under the practice in this state, in the

rare cases where such a writ is issuable, it must be obtained, where cause exists and upon proper terms, by a motion or application to the court in which the appeal is pending. (*McAneny* v. *Superior Court.*)   Obviously this motion should have the title of the cause on appeal, the same as any other motion made in that cause, and should be entered on the register of actions of this court as a motion in the cause on appeal and under the same number.   We have deemed it advisable to make this statement because there often seems to be a misconception as to these matters of practice.

Since the submission of the petition for *supersedeas* the New Liverpool Salt Company, a respondent to the appeals in L. A. No. 3204, has moved this court to dismiss said petition upon the ground that no valid appeal has been taken by the said petitioners or either of them.   This motion was denied at the time of hearing the same.   As it involves a question of some importance regarding the interpretation of section 941b of the Code of Civil Procedure providing the so-called "new method" of appeal, we think it proper to state here our reasons for denying the motion.

The notices of appeal are the same in form.   They were each filed in the office of the clerk of the court below within sixty days after the entry of the judgment appealed from. They each contained the full title of the action, naming all the parties thereto as plaintiff or defendant, and also the intervener.   The alleged defect is that the body of each notice begins with an address in the following words:

"To the Clerk of said Superior Court, Plaintiff, Intervener, Receiver, New Liverpool Salt Company, and their respective attorneys:

"You and each of you will please take notice that the (naming the appellant), defendant in the above entitled action, hereby appeals to the Supreme Court," etc.

The notices were each duly served on the attorneys for the plaintiff, the receiver, the intervener, and the Salt Company, but they were not served upon the attorneys for the California Development Company or upon any of the other nine persons who were parties to the action, or their attorneys.   It is asserted, and for the purposes of this discussion we assume it to be true, that the California Development Company is a necessary party to the disposition of each appeal.   The claim is

that the address to the named parties as above given constitutes a limitation which makes the notice ineffective as a notice to any party except those thus specifically mentioned, and that the case falls under the rule that where there is no notice of appeal upon all the necessary parties the appeal is wholly ineffectual and nugatory.

Under the method of appeal prescribed by section 940 of the Code of Civil Procedure it seems to have been settled that an attempt to appeal was ineffectual and invalid, unless the notice was served on all the parties to the action whose interests would be injuriously affected by the decision necessary to the disposition of the appeal. (*Senter* v. *De Bernal*, 38 Cal. 637; *Johnson* v. *Phenix Ins. Co.*, 146 Cal. 575, [80 Pac. 719].) Many similar cases are reported which it is unnecessary to cite. Under the old system, a rigid rule of construction was also applied to the form of the notice of appeal. A notice, the title to which gave the names of all the parties, but which, in the body thereof, was addressed exclusively to certain of the parties designated by name, and which correctly stated the appeal, was held to be ineffectual as to the parties not mentioned in such address, although it was actually served upon them. (*Hibernia Sav. etc. Soc.* v. *Lewis*, 111 Cal. 522, [44 Pac. 175]; *Estate of Pendergast*, 143 Cal. 138, [76 Pac. 962]; *Burnett* v. *Piercy*, 149 Cal. 183, [86 Pac. 603].) If this rule were applied to notices under the new method, the notices here involved would probably be held insufficient to support the appeals.

It was the extreme technicality which prevailed under section 940 and the frequent dismissal of appeals resulting therefrom that caused the enactment, in 1907, of sections 941a, 941b, and 941c, providing an alternative mode of practice for taking an appeal. These sections evince an intent to establish a more liberal rule and to regard substance, rather than form. The terms of section 941b, referring to the notice of appeal and the service thereof, differ essentially from those of section 940. They indicate that in all other particulars except those specified, form is not to be held important or necessary to the validity of an appeal. Section 940 does not prescribe the form of notice except by the provision that an appeal from a judgment or order may be taken by filing and serving "a notice stating the appeal from the same, or some specific

part thereof.'' No formal address is required. The limitation of its effect, where a specific address is inserted, comes from judicial views as to the general rules of law applicable to such notices, and not from the provisions of that section. Section 941b shows a design to avoid the application of these rules. It declares that a party may appeal by filing with the clerk ''a notice entitled in the cause in which said judgment, order or decree was made, which said notice shall state that the person giving the same does thereby appeal to the supreme court or district court of appeal, as the case may be, from the judgment, order or decree, or some specific part thereof and the said notice must identify the said judgment, order or decree or the part thereof appealed from, with reasonable certainty.'' It further provides that the notice need not be served upon any of the parties, or their attorneys, but that ''when filed within the time herein specified it shall, without further action,'' transfer the cause to the higher court for determination.

The main design here shown is to compel the prevailing parties to look to the files to ascertain whether or not an appeal has been taken and to avoid the necessity previously imposed upon the appellant of determining which of the parties were adverse parties to him upon his proposed appeal, and of finding them and serving upon them the required notice, at the peril of losing his appeal if he made a mistake in his endeavor to do so. The expression of certain things to be stated in the notice implies that other things are not regarded as essential. We think the proper rule to be applied to this new statutory provision is to hold that the filing of a notice stating all that is specifically mentioned in the section as parts of such notice, will constitute a valid appeal as to all the other parties to the action, if there is sufficient in the notice to identify the appellant. The section does not require that the adverse parties shall be named as such in the notice and we hold that it is unnecessary to do so. It would therefore follow that the mere mention of some of them as adverse parties does not vitiate the appeal as to the others. When a party sees that a notice of appeal is filed in the cause, he is thereby sufficiently informed that the appeal is taken. He is presumed to have seen that which he might have seen had he chosen to look. It was for these reasons that the court denied

the motion to dismiss.    We proceed to consider the application for the *supersedeas.*

The action was brought to foreclose two trust deeds to the Title Insurance and Trust Company, trustee, one executed by the California Development Company on July 1, 1900, the other dated May 6, 1902, made by a corporation organized under the Mexican law and known as La Sociedad de Irrigacion y Terrenos y Aguas de la Baja California (Sociedad Anonima), known as the Old Mexican Company.    The judgment directs the sale of the real property in California described in the Development Company's deed, the personal chattels described therein, twelve thousand five hundred shares of the capital stock of the Old Mexican Company, of which twelve thousand shares are mentioned therein, the other five hundred shares not being referred to, and the right, title, and interest of the Development Company in certain real and personal property in Mexico described in the deed of the Old Mexican Company, but not specifically mentioned in the other trust deed.

The judgment further directs that all of the property described ''be sold as an entirety and in one parcel.''    The explanation of this provision is disclosed in the findings.    The facts there given in great detail show that the Development Company was engaged in constructing, maintaining, and operating a system of canals of great magnitude, whereby it diverted water from the Colorado River and conducted it to territory in Imperial County over fifty miles from the point of diversion and there delivered it to others for the irrigation of their lands, that the topography of the intervening country made it necessary to build the main canal, for almost its entire course, over lands situated in the Republic of Mexico, that said canal system embraced and included all the property which was directed to be sold and that it was necessary to hold all of it together as an indissoluble unit under one control and management, in order to maintain and operate said canal system as designed and constructed.

Section 941 of the Code of Civil Procedure provides for the execution by an appellant of an undertaking on appeal in the sum of three hundred dollars as security for the damages and costs that may be awarded against him on the appeal. Section 942 provides for the stay of a judgment for money.

Section 943 provides, among other things, for a stay of execution upon a judgment for "the sale of personal property upon the foreclosure of a mortgage thereon." It has been held that this section does not apply to a judgment for sale upon the foreclosure of a pledge and that such a judgment may be stayed by an undertaking for three hundred dollars, under section 941. (*Rohrbacher* v. *Superior Court,* 144 Cal. 631, [78 Pac. 22].) Section 944 provides for the stay of a judgment directing the execution of an instrument and is not involved here. Section 945 provides for the stay of a judgment directing the delivery of possession or sale of real property. Section 949 declares that in cases not provided for in sections 942, 943, 944, and 945, the giving of the three hundred dollar undertaking as provided in section 941 "stays proceedings in the court below upon the judgment or order appealed from," except in certain cases not here involved.

At the time of taking the appeals, each of the appellants executed and filed the three hundred dollar undertaking, as required by section 941 aforesaid. The appellants contend, and the respondents apparently concede, that although the twelve thousand shares of Mexican Company stock are in form transferred by the trust-deed of the Development Company and said deed is executed both as a chattel mortgage and as a realty mortgage, yet that as they were delivered to the trustee at the time, the transaction was, in legal effect, as to that stock, a pledge and not a mortgage. It appears that the remaining five hundred shares of that stock were not mentioned in either trust-deed and that they were issued to certain persons as agents and trustees for the Development Company. Upon these facts it is claimed by the appellants that, under the doctrine of the decision in *Rohrbacher* v. *Superior Court,* 144 Cal. 631, [78 Pac. 22], the execution of the judgment as to the sale of the twelve thousand shares is stayed by the three hundred dollar undertaking and that the sale of the remaining five hundred shares which were not included in the trust-deed is also stayed, because it is a case not provided for in the four sections above mentioned. And from this they proceed with the argument that as the judgment directs the sale of the property "as an entirety and in one parcel" and as the nature of the case makes such a sale a necessity to preserve the integrity and solidarity of the canal system, the stay of proceedings

with respect to this stock by the three hundred dollar undertaking necessarily stays the execution of the entire judgment, in so far as it directs a sale of property.

The liens upon the property to pay which the sale was ordered amounted to over one million dollars and the real property embraced the entire canal system, which was obviously of great value. The stock above mentioned, while it appears to have been in some degree necessary as a part of the plant, in order to give those in charge of the system a right to control the portion of the system situated in Mexico, was not intrinsically of any value, apart from the right of control attending its ownership. The claim in effect is that by giving a bond, practically nominal in amount as compared with the damages that might ensue from the appeal, the appellants can prevent the sale of real property ordered sold which, if not coupled with the other insignificant parcels included in the order, would require the giving of a stay bond in a very large amount to cover the probable damages from waste, the value of the use of the property pending the appeal, and the payment of any deficiency judgment.

We do not think the terms of the code sections relating to this subject justify or require this construction. Section 949, under which this claim is made, declares that the three hundred dollar undertaking shall stay proceedings "in all cases not provided for in sections 942, 943, 944 and 945." This case, in so far as it directs the sale of real estate, is not one of the "all cases" mentioned, but is a case which is provided for in section 945. That section declares that where a sale of real property is ordered by the judgment appealed from, "the execution of the same cannot be stayed" unless an undertaking be given in a sum to be fixed by the court below, or the judge, to cover loss by waste, value of use of the real property pending the appeal and the probable deficiency judgment. To allow the appellants' theory to prevail, would, in effect, interpolate in section 945 a proviso or exception to the effect that it should not apply to a case where other property was included and the sale was to be made of the whole as an entirety, and it would render the section inoperative in all such cases. The judgment also directs the sale of a large amount of personal property described in the trust-deed and which is clearly mortgaged by the terms of the deed. As to

this property, it is a judgment for the sale thereof upon the foreclosure of a mortgage thereon. Section 943 declares that the execution of such a judgment cannot be stayed, unless an undertaking be given in an amount fixed below as necessary to secure the delivery of such property, or its full value in case of default in delivery. The doctrine contended for would render this provision also nugatory in cases where other personal property not covered by the mortgage is included and the sale is to be made in one parcel as an entirety. We find nothing in the language or in the object of the code provisions, or in considerations of justice, sufficient to warrant such a forced construction of these sections. The appellant who cannot obtain a stay of proceedings upon his appeal is not without remedy, in case he secures a reversal or modification of the judgment. Under section 957 of the Code of Civil Procedure the appellate court may require restitution where it is not inconsistent with the protection of a purchaser, and if such restitution cannot be made, he may have his action against the respondent for the proceeds of any sale that may be made to enforce the judgment, less the expenses of the sale. On the other hand, a successful respondent whose security was insufficient and whose debtor was insolvent, would upon appellant's theory, lose irremediably, the rents and profits accruing during the delay caused by the appeal, the damages from waste, and the entire deficiency judgment. The demands of justice, as well as the better reason, is on the side of the respondents.

The application for a *supersedeas* is denied.

Sloss, J., Angellotti, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.