(October 2, 1917.)

FRED W. GLENN, Respondent, v. AULTMAN & TAYLOR MACHINERY COMPANY, a Corporation; CHARLES H. DOBSON, Defendants, and W. F. FRAMBACH, Appellant.

[167 Pac. 1163.]

NOTICE OF APPEAL—SERVICE OF—FAILURE TO NAME ADVERSE PARTY IN NOTICE—ABSENCE OF CERTIFICATE FROM TRANSCRIPT—DISMISSAL.

1. Where one of several codefendants appeals from the judgment or order of the trial court, service of notice of appeal upon such codefendants is essential to the validity of his appeal, since they are adverse parties to the extent that their interests would be affected by the result of such appeal.

2. Where a notice of appeal is addressed to certain parties, naming them, its legal effect is limited to such parties only.

3. An appeal will be dismissed where it appears that the notice of appeal has not been served upon all of the adverse parties whose

interest might be affected by a reversal or modification of the judgment.

4. Where a transcript on appeal does not contain a certificate from either the trial judge, the clerk or the attorneys that it contains all the records, papers and files used or considered by the trial judge upon the hearing of a motion to correct the judgment, as required by sec. 4821, Rev. Codes, and Rule 24 of the rules of this court, the appeal must be dismissed.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to recover for services rendered. Judgment for plaintiff. *Appeal dismissed.*

Turner K. Hackman, for Appellant.

We rely upon the case of *Weeter Lumber Co. v. Fales,* 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289, and contend that under that case even were Dobson a resident of this state, he would not need personal notice, and that it is a matter for him to settle as to whom he wants as his attorney.

Counsel for Frambach also represents Dobson, the non-resident, as well as the Aultman & Taylor Machinery Company, the principals, and is ready and willing and has ample authority to bind Dobson, the nonresident, and the Aultman & Taylor Company to abide by any judgment rendered by this court.

Sweeley & Sweeley, for Respondent.

The appeals of Frambach taken from the order of June 1st must be dismissed. The record shows that as to these appeals Dobson is an adverse party, and that in neither appeal was notice served on him. (*Jones v. Quantrell,* 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington,* 2 Ida. 627, 23 Pac. 80; *Diamond Bank v. Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042, and cases cited in opinion; *Miller v. Wallace,* 26 Ida. 373, 143 Pac. 524; *State Bank v. Watson,* 27 Ida. 211, 148 Pac. 470.)

Although a party has defaulted, if an appeal affects his rights, he is to be regarded as an adverse party and is entitled to notice. (*Titiman v. Alamance Mining Co.*, 9 Ida. 240, 74 Pac. 529; *Baker v. Drews*, 9 Ida. 276, 74 Pac. 1130.)

BUDGE, C. J.—The facts out of which this appeal arose are the same as those involved in *Glenn v. Aultman & Taylor Machinery Co., ante,* p. 719, 167 Pac. 1163, and reference may be had thereto for a more detailed statement of the facts.

This is a separate appeal by the defendant Frambach from an order correcting the judgment. From the record it appears that on June 1, 1917, Frambach served and filed a notice of appeal: First, from the judgment; second, from the order overruling the motion for a new trial; and, third, from the order correcting the judgment by inserting therein the name of the defendant Frambach, which latter order was entered June 1, 1917.

The transcript on file does not contain a copy of the notice of appeal, and as there are two separate notices of appeal, filed and served by the defendant Frambach, it is difficult to determine which one is the perfected notice. However, the appeal being fatally defective, we will not pursue this inquiry further.

On July 5, 1917, defendant Frambach filed another or a second notice of appeal, restricting it to the order made June 1, 1917, which was the order made by the trial judge correcting the judgment by inserting therein the name of the defendant Frambach. This is probably the appeal which has been perfected, as upon the same day an undertaking in support of one of the Frambach appeals was duly filed, and a *praecipe* from the defendant Frambach was delivered to the clerk of the court and the transcript thereon prepared.

As far as appears from the record, neither of these notices of appeal was served on Dobson. The attorney for appellant contends that the service of the notice of appeal upon Dobson was unnecessary, for the reason that he is and was the attorney for both Dobson and Frambach in the court below,

and that he was therefore not required to serve himself with the notice of appeal. An examination of the record properly before us discloses the fact that this appeal is being prosecuted on behalf of Frambach only; it nowhere appearing that Attorney Hackman represented Dobson in the court below in this matter, and we are controlled by the record, wherein it does not appear that Dobson was served with the notice of appeal, although an adverse party, for the reason that if the appellant Frambach should be successful in his appeal, Dobson, his codefendant in the court below, would be obliged to pay the full amount of the judgment of the lower court.

Nor is the appeal directed to Dobson, but it is limited to the attorneys for the respondent and to the clerk of the district court, and signed by W. F. Frambach, by Turner K. Hackman, his attorney. It has been held that where the notice of appeal is directed to one party alone, its service upon another would not have the effect of bringing such other party before the court. (*Hibernia Savings & Loan Soc. v. Lewis,* 111 Cal. 519, 44 Pac. 175, and cases therein cited.) "The principle appears to be that, while an address preceding the body of the notice of appeal is not essential to the validity of the notice, yet, if an address is given, it serves as a limitation thereof, and shows the intention of the appellant to give notice only to those parties to whom it is addressed, and its effect is limited accordingly." (*In re Pendergast's Estate,* 143 Cal. 135, 75 Pac. 962.) The notice being addressed to attorneys for respondent and the clerk of the district court, the former being an adverse party and the latter an unnecessary party (*Westheimer v. Thompson,* 3 Ida. 560, 32 Pac. 205), the notice is limited to the former and does not include Dobson, who is also an adverse party. And the notice of appeal not having been taken on Dobson's behalf, but on Frambach's behalf only, the appeal is subject to dismissal, for the reason that all of the adverse parties were not served.

It has been frequently held by this court that an appeal will be dismissed where it appears that the notice of appeal has not been served upon all of the adverse parties, whose interest might be affected by a reversal or modification

of the judgment. (*State Bank v. Watson,* 27 Ida. 211, 148 Pac. 470.)

This appeal is subject to dismissal for the additional reason that it is an appeal from a contested motion, and the transcript or record on appeal does not contain a certificate either of the judge, clerk or the attorneys that the transcript contains all of the records, papers and files used or considered by the trial judge upon the hearing of the motion to correct the judgment, as required by sec. 4821, Rev. Codes, and Rule 24 of the rules of this court. (*Dudacek v. Vaught,* 28 Ida. 442, 154 Pac. 995; *Walsh v. Niess,* 30 Ida. 325, 164 Pac. 528.)

The appeal is dismissed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.