(June 30, 1921.)

F. D. WILLIAMS, as Receiver of State Savings Bank of Butte, Montana, a Corporation, and S. M. NIXON, Respondents, v. E. H. SHERMAN and SINA E. SHERMAN, Appellants.

[199 Pac. 646.]

APPEALS—ORDER—MOTION TO QUASH—WRIT OF ASSISTANCE—NECESSARY PARTY—NOTICE OF APPEAL—ADDRESS NOT ESSENTIAL—LIMITED TO PARTIES NAMED.

1. Upon appeal from an order denying a motion to quash a writ of assistance issued in favor of the holder of a certificate of sale on foreclosure and of a sheriff's deed based thereon, the latter is a necessary party.

2. While an address preceding the body of a notice of appeal is not essential to the validity of the notice, yet if such address is given, the notice of appeal is limited in its effect to those parties to whom it is addressed.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action to foreclose mortgage. Motion to quash writ of assistance denied. Appeal *dismissed.*

Miller & Ricks, for Appellants.

F. L. Soule, for Respondent Nixon.

Counsel cite no authorities on points decided.

BUDGE, J.—This is an appeal from an order denying appellants' motion to quash a writ of assistance issued by the district judge in the above-entitled cause, directing the sheriff of Fremont county to remove appellants from the NE. 1/4 of sec. 13, T. 15 N., R. 42 E., B. M., and to deliver said premises into the possession of S. M. Nixon.

The material facts disclosed by the record are briefly as follows: On March 1, 1906, E. H. Sherman and Grace A. Sherman, then husband and wife, deeded to the State Savings Bank of Butte, Montana, approximately 1,500 acres of land in Fremont county, Idaho; that the description in the deed included the NE. 1/4 of sec. 13, T. 15 N., R. 42 E., B. M., which at that time was unsurveyed public domain; that on January 10, 1907, E. H. Sherman and Grace A. Sherman were divorced, and subsequently in the same year he married Sina E. Sherman; that in 1914 the above-described land was surveyed; that on May 20, 1915, a plat of the survey was filed in the land office; that on September 29, 1915, E. H. Sherman made application to enter said land under the homestead laws, which was accepted by the Land Office at Blackfoot, and he and Sina E. Sherman entered into pos-

session of the land; that on March 1, 1916, F. D. Williams, as receiver of the bank, commenced an action against E. H. Sherman, Sina E. Sherman, Grace A. Sherman et al., to have the deed declared to be a mortgage, to have the same foreclosed, the property described therein sold, and the proceeds derived therefrom applied in payment of the indebtedness secured thereby; that service was made by publication and on September 22, 1916, judgment of foreclosure was awarded to Williams by default; that the land was sold on October 28, 1916, and a sheriff's certificate of sale issued to Williams; that Nixon purchased the certificate of sale from Williams on October 20, 1917, and, the time for redemption having expired, secured a sheriff's deed to the land on July 9, 1918; that Nixon presented the sheriff's deed to E. H. and Sina E. Sherman on July 30, 1918, and demanded possession of the premises, which was refused; that on August 30, 1919, he made application for a writ of assistance, which was granted and placed in the hands of the sheriff, who executed the same by removing the Shermans from the premises; that on April 9, 1920, appellants moved to quash the writ; that this motion was denied on May 15, 1920, and on June 18, 1920, appellants filed a notice of appeal and an undertaking on appeal in the district court; that the notice of appeal was addressed to "the above-named plaintiff and to his attorney, F. L. Soule, and to the clerk of said court," and a copy thereof served upon F. L. Soule as attorney for plaintiff and respondent.

Respondent Nixon has moved to dismiss the appeal upon the ground that: "The notice of appeal itself discloses that F. D. Williams, plaintiff and respondent, is the only person served with such notice of appeal; that all adverse parties in this proceeding have not been served with notice of appeal, to wit, S. M. Nixon, and that the record discloses that S. M. Nixon is the real party in interest and the real adverse party in this proceeding."

Upon appeal from an order denying a motion to quash a writ of assistance, issued in favor of the holder of a cer-

tificate of sale on foreclosure and of a sheriff's deed based thereon, the latter is a necessary party. In a similar case, the supreme court of California held that: "In foreclosure, after judgment and sale, the purchaser and the party against whom a writ of assistance was ordered are the only necessary parties to an appeal from that order." (*Hibernia Savings & Loan Soc. v. Lewis,* 111 Cal. 519, 44 Pac. 175.)

Nixon, being a necessary and adverse party to this appeal, the notice of appeal must be effectual as against him, in order that this court may have jurisdiction.

In the case of *Glenn v. Aultman & Taylor Machinery Co.,* 30 Ida. 727, 167 Pac. 1163, this court held that: "Where a notice of appeal is addressed to certain parties, naming them, its legal effect is limited to such parties only."

The holding in that case is based upon the case of *Hibernia Savings & Loan Soc. v. Lewis, supra;* and *In re Pendergast's Estate,* 143 Cal. 135, 76 Pac. 962. In the latter case the court said:

"The notice is directed to the petitioners only, and the admission of service by the attorney purports to be an admission by him as attorney for the petitioners. It is contended that the statute does not prescribe the form of the notice of appeal, and hence that the address to the petitioners is an immaterial part thereof; that the attorney served with the notice, being the attorney for all the parties interested, must be considered as having had notice for all the parties whom he was authorized to represent. The decisions, however, are to the contrary. It has been held that where notice of appeal is directed to one party alone, its service upon another party would not have the effect of bringing such other party before the court. (*Hibernia Savings & Loan Soc. v. Lewis,* 111 Cal. 519, 522 [44 Pac. 175]; *Estate of Nelson,* 128 Cal. 242, 244 [60 Pac. 772]; *Estate of Scott,* 124 Cal. 671, 674 [57 Pac. 654].) Also, it has been said, 'A notice which by its terms is directed to A is ineffectual as a notice to B, even though it is delivered to B and he is therefore informed of its contents.' (*Williams v.*

*Bergin,* 108 Cal. 166, 171 [41 Pac. 287]; *In re Central Irr. Dist.,* 117 Cal. 382, 392 [49 Pac. 354].)  The principle appears to be, that while the address preceding the body of the notice of appeal is not essential to the validity of the notice, yet, if an address is given, it serves as a limitation thereof, and shows the intention of the appellant to give notice only to those parties to whom it is addressed, and its effect is limited accordingly.''

The notice of appeal being addressed to Williams, to Soule as his attorney, and to the clerk of the court, it is thereby limited in its effect to the parties named, and was not a valid notice to Nixon.  Moreover, the record fails to affirmatively show service of any notice of appeal upon Nixon, who was the only adverse party upon this appeal.

C. S., sec. 7153, is the same as sec. 940, California Code of Civil Procedure, but California now has an alternative method of appeal (Code Civ. Proc., secs. 941a and 941b; Kerr's Cumulative Supplement, 1906–13), which was passed by the legislature in 1907, under which notice of appeal need not be served upon adverse parties.

From what has been said it follows that this appeal must be dismissed, but in view of the circumstances of this case we are constrained to observe that other remedies are available to appellants whereby their right to recover the land here involved may be determined.

The appeal is dismissed.  Costs are awarded to respondent.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.