(No. 4733.   March 26, 1928.)

MARGARET MAHAFFEY and PIONEER BANK AND TRUST COMPANY, a Corporation, Plaintiffs and Respondents, v. FRED B. PATTEE and JOSEPH L. PATTEE, Defendants and Appellants, and SETH A. BALL and FRANK SHARKEY, Defendants and Respondents.

[266 Pac. 430.]

Richards & Haga and E. H. Casterlin, for Respondents Margaret Mahaffey and Pioneer Bank and Trust Company.

L. E. Glennon, for Appellants.

T. BAILEY LEE, J.—This action was brought by respondents, Mahaffey and Pioneer Bank and Trust Company, to adjudicate their rights to the waters of Agency Creek, a tributary of the Lemhi River, and to a ditch known as the "Company" ditch, together with certain waters of Lemhi River conducted there-through.

With respect to the Company ditch, the court decreed that the parties were entitled to the waters flowing therein, in the following proportions:

Defendants Pattee....................515/700ths
Defendant Ball ......................100/700ths
Defendant Sharkey .................. 75/700ths
Plaintiff Mahaffey .................. 5/700ths
Plaintiff Bank ...................... 5/700ths

and should pay maintenance in the following proportions:

Defendants Pattee ...................225/700ths
Defendant Ball ......................100/700ths
Defendant Sharkey ................... 75/700ths
Plaintiff Mahaffey ..................150/700ths
Plaintiff Bank ......................150/700ths

Defendants Pattee appealed from the entire decree, the notice being addressed "To the above named plaintiffs, E. H. Casterlin, Esq., Messrs. Whitcomb, Cowen & Clark, attorneys for plaintiffs, and W. W. Simmonds, clerk of the above entitled court."

Respondents have moved to dismiss the appeal for the reason that the notice of appeal "was not served upon or addressed to defendants and respondents, Seth A. Ball and

Frank Sharkey, or either of them, notwithstanding the fact that they and each of them are adverse parties upon this appeal.''

From the record, it appears that the defendant, Sharkey, was represented at the trial by the attorneys who signed the notice of appeal, and by application for diminution it has sought to be shown that the defendant Ball was served with the notice. Conceding that service on Sharkey was not required (*Weeter Lbr. Co. v. Fales*, 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289), and that Ball was actually served, this will not cure the failure to join the latter in the notice, if he is in fact an adverse party. *Glenn v. Aultman & Taylor M. Co.*, 30 Ida. 727, 167 Pac. 1163; *Williams v. Bergin*, 108 Cal. 166, 41 Pac. 287, where the court said:

''A notice, which, by its terms, is directed to A., is ineffectual as a notice to B., even though it is delivered to B., and he is thereby informed of its contents.''

Where a notice of appeal is directed to one party alone, its service upon another party would not have the effect of bringing such other party before the court. (*Hibernia Sav. & Loan Soc. v. Lewis*, 111 Cal. 519, 44 Pac. 175.)

''The principle appears to be that, while an address preceding the body of the notice of appeal is not essential to the validity of the notice, yet, if an address is given, it serves as a limitation thereof, and shows the intention of the appellant to give notice only to those parties to whom it is addressed, and its effect is limited accordingly.'' (*In re Pendergast's Estate*, 143 Cal. 135, 76 Pac. 962.)

The rule was later recognized in *Burnett v. Piercy*, 149 Cal. 178, 86 Pac. 603, and *Southern Pacific Co. v. Superior Court*, 167 Cal. 250, 139 Pac. 69, 71.

Whether or not Ball is an adverse party within the meaning of the statute must be tested by the rule announced in *Lind v. Lambert*, 40 Ida. 569, 236 Pac. 121:

''An adverse party, within the meaning of C. S., sec. 7153, means any party who would be prejudicially affected by a modification or reversal of the judgment or order appealed from.''

It is apparent from the face of the decree that a modification or reversal thereof might diminish Ball's right to water in the Company ditch, or increase his burden of maintenance, prejudicing him in either instance.

To determine who of the defendants are actually adverse parties, it has been necessary to examine thoroughly the entire record; and we have discovered nothing that would warrant a disturbance of the findings and consequent decree.

Appeal dismissed. Costs to respondents.

Budge, Givens and Taylor, JJ., concur.

WM. E. LEE, C. J., Dissenting.—I am not in accord with the holding of the majority that the appeal should be dismissed because it was not addressed to Ball and Sharkey. The statute does not require that the notice of appeal be addressed to anybody; its form is not provided by statute. And while it may be inferred that the notice is limited to those to whom it is addressed, such an inference ought to be overcome by proof of the fact that the notice was actually served on those parties to whom it was not addressed. I have been unable to find any Idaho decision justifying the dismissal of this appeal. In *Glen v. Aultman & Taylor M. Co.*, 30 Ida. 727, 167 Pac. 1163, relied on by the majority, the notice was neither addressed to nor served on all the adverse parties, this court saying, " . . . . the appeal is subject to dismissal, for the reason that all the adverse parties were not served." In *Williams v. Sherman*, 34 Ida. 63, 199 Pac. 646, the motion to dismiss' the appeal was based on the failure to serve the notice of appeal. And after holding that the appeal was limited to the parties named, this court said, "Moreover, the record fails to affirmatively show service of any notice of appeal upon Nixon. . . . . "

The notice of appeal must be served and filed, and where a notice of appeal is served on all the adverse parties, I believe this court has jurisdiction to consider the case on its merits even though the notice was not addressed to all the adverse parties.