(No. 5414. June 8, 1929.)

CLAUDE W. GIBSON, as Administrator of the Estate of JOSEPH BRAFF, Deceased, Respondent, v. CORA M. BOONE et al., Defendants, and J. B. McKENNEY, MABEL McKENNEY and G. E. McKENNEY, Appellants; WALTER K. YORSTON, Intervenor and Appellant.

[279 Pac. 409.]

Claude W. Gibson and Wm. M. Morgan, for Respondent.

Fremont Wood and P. E. Cavaney, for Appellants.

VARIAN, J.—This is an action to foreclose a mortgage against eight lode mining claims. On September 14, 1921, J. F. Harder, now deceased (husband of Abbie B. Harder, defendant), and J. B. McKenney, defendant, filed their claims of lien against all of said mining claims for labor theretofore performed thereon to the aggregate amount of more than $4,700, and in January, 1922, commenced an action to foreclose said liens against the owner of the mining claims, Cora M. Boone. On March 24, 1923, pursuant to agreement, a personal judgment only was entered in favor of said defendants (plaintiffs in the lien foreclosure action) in the sum of $4,000. The note and mortgage sought to be foreclosed here were executed by the defendant Cora M. Boone, for the use of her separate estate, to Joseph Braff on August 25, 1922.

Defendants Harder and J. B. McKenney caused executions to issue on their said judgment for $4,000, sold said eight mining claims, and bid them in at execution sale thereunder, receiving sheriff's certificate of sale and later deed therefor. The court found in effect that the defendants J. B. McKenney and wife were in actual possession of the

mining claims during the year 1924, and up to July 1, 1925, keeping the tunnel and mining buildings locked, and preventing the doing of the assessment work by Joseph Braff, then plaintiff in the present action. In July, 1925, the defendants J. B. McKenney and G. E. McKenney relocated five of said mining claims, and defendant Warren L. Mace relocated the Senator mining claim under another name.

The court found that the labor liens had been waived by the agreement for a personal judgment for $4,000 in favor of Harder and J. B. McKenney, and that the lien of the judgment for that amount was subsequent and inferior to the lien of the mortgage foreclosed in the present action. The court also found that the relocations made by McKenney cover the same ground as locations named in the mortgage, were made with intent to defeat the lien of the mortgage, and that the lien of the mortgage covered all the relocated claims except the Senator mining claim, relocated under another name by defendant Warren L. Mace; that the defendant Mace had no part in the conspiracy in conjunction with J. B. McKenney and G. E. McKenney in making said relocations; that plaintiff's mortgage is not an incumbrance on the Senator claim or its relocation by defendant Mace. The court decreed judgment against defendant Cora M. Boone for $13,513.10, foreclosure against all of said mining claims except the Senator, and provided for the docketing of a judgment against Cora M. Boone for any deficiency in case the claims would not bring the amount of the judgment; and dismissed the action as to Warren L. Mace and Jennie Mace. From the decree of foreclosure ''and the whole thereof,'' defendants J. B. McKenney, Mabel McKenney, and G. E. McKenney, and Walter K. Yorston, intervenor, appeal. Notice of appeal was served on plaintiff only, and not upon either of the defendants Cora M. Boone, Warren L. Mace or Jennie Mace, his wife. Respondent moves to dismiss the appeal because the notice was not served upon the said defendants, contending that they are adverse parties within the meaning of the statute requiring

service of the notice of appeal, C. S., sec. 7153. Intervenor Walter K. Yorston claims title to all eight mining claims by virtue of a conveyance from Harder and the McKenneys.

Defendant Cora M. Boone defaulted and did not contest the foreclosure. The seven mining claims were bid in by respondent for the full amount of his judgment at the foreclosure sale. If appellants' claim of ownership in the property decreed to be covered by the mortgage were sustained on reversal or modification of the decree, respondent's entire judgment would be required to be satisfied out of other assets belonging to defendant Cora M. Boone, and she would be thereby injured; hence, as she might be prejudicially affected by a reversal of the judgment, notwithstanding she permitted a default to be taken against her, she should have been served with a notice and the court is without jurisdiction to entertain the appeal. (*Abel v. Robert Noble Estate*, 43 Ida. 391, 252 Pac. 493; *Martin v. Rowland, ante*, p. 722, 278 Pac. 224.

A reversal or modification of the judgment dismissing as to the defendants Mace, and decreeing that the lien of plaintiff's mortgage was not an incumbrance on the Senator mining claim, or its relocation by Mace, might operate to deprive the Maces of their interest in said mining property, thereby prejudicially affecting them. We think the Maces, husband and wife, were adverse parties within the meaning of the statute (C. S., sec. 7153), and that it was necessary to serve them with notice of appeal. The failure to serve the said defendants is fatal to this appeal, because the requirements as to service prescribed by C. S., sec. 7153, are jurisdictional.

Appeal dismissed. Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Wm. E. Lee, JJ., concur.