(No. 5443. December 7, 1929.)

JOSIE WALKER, Respondent, ·v. ·CARL SHELL, W. T. CLINKENBEARD, Appellants, and LUKE CLINKEN-BEARD, MORRIS COOK, A. BLOMBERG, and the Unknown Owners of the Jgafle, the Grangeville, and the Columbus Placer Mining Claims, So Called, in the Elk Mining District, Idaho County, Idaho, Defendants.

[282 Pac. 947.]

A. S. Hardy, for Respondent.

Wilbur L. Campbell, for Appellants.

GIVENS, J.—This action was prosecuted in the lower court by Josie Walker, plaintiff and respondent, against Carl Shell, W. T. Clinkenbeard, Luke Clinkenbeard, Morris Cook, A. Blomberg, and the unknown owners of the Jgafle, the Grangeville and the Columbus Placer Mining claims, so called, in the Elk City Mining District, Idaho county. A decree in favor of plaintiff and respondent was entered against Carl Shell, W. T. Clinkenbeard and Luke Clinkenbeard.

An appeal was taken from this decree by Carl Shell and W. T. Clinkenbeard only.

Respondent moves to dismiss this appeal because Luke Clinkenbeard was an adverse party and the notice of appeal was neither addressed to nor served upon him. By affidavit, it appears that the attorney for the appealing defendants was likewise the attorney for Luke Clinkenbeard and therefore it was unnecessary to make separate service. (*Weeter Lumber Co. v. Fales,* 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289.) In other words, the substance of the above opinion on this point is that representation by the same attorney of an appealing and nonappealing party has the effect of service of the notice of appeal on the nonappealing party.

The decree quieted title in the respondent to certain mining claims and also gave damages and costs against all three of the above-named defendants, jointly and severally.

It is apparent that Luke Clinkenbeard was an adverse party who might be prejudicially affected by a reversal or modification of the decree. (*Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529; *Diamond Bank v. Van Meter,* 18 Ida. 243, Ann. Cas. 1912A, 1, 108 Pac. 1042, L. R. A. 1915B, 1016; *Glenn v. Aultman & Taylor Machinery Co.,* 30 Ida. 727, 67 Pac. 1163; *Bannock Nat. Bank v. Automobile Accessories Co.,* 36 Ida. 527, 212 Pac. 864.)

This court has held that failure to direct the notice of appeal to an adverse party, though such notice was served on such party, is a fatal defect. (*Mahaffey v. Pattee,* 46 Ida. 16, 266 Pac. 430.)

The appeal is dismissed. Costs to respondent.

Budge, C. J., and T. Bailey Lee and Varian, JJ., concur.

WM. E. LEE, J., Concurring Specially.—The effect of the dismissal of the appeal is to affirm the judgment. I am of opinion that, on the merits, the judgment ought to be affirmed. I, therefore, concur in the conclusion.