(No. 5899. March 27, 1933.)

CARL SONLEITNER, CHARLES A. WEBB, ELMER WILLIAMS, MARDELL SONLEITNER, C. E. MILL, CLAUD W. HACKNEY, Respondents, v. WALTER McLAREN, Appellant.

[20 Pac. (2d) 1014.]

Fisher & Coffin, for Appellant.

James H. Hawley, Jr., for Respondents.

MORGAN, J.—This is a suit to foreclose labor liens filed by respondents upon property of Crooked River Mining Company, hereinafter called the company. Appellant, McLaren, was made a defendant because he had recovered two judgments against the company, caused the property upon which the liens were claimed, or parts of it, to be sold at execution sale and purchased it. Each respondent prayed for judgment against the company for the money he claimed to be due him from it; that he be adjudged and decreed to have a lien upon the property for that amount, and that it be decreed to be of equal rank and standing with the liens of the other respondents and preferred and superior to the liens of judgments and claims of title of McLaren. The complaint does not contain prayers for the foreclosure of the liens, for the sale of the property, nor for deficiency judgments. Summons was served upon the company in Idaho and upon McLaren in Ohio. Neither appeared and their defaults were entered. Judgment was awarded as prayed for and, in addition to that relief, it was attempted to decree the foreclosure of the liens and to order sale of the property therein described to satisfy respondents' claims. McLaren moved that the default taken against him

be vacated on the ground that his attorneys had failed and neglected to appear for him, and asserting he was without fault in the matter. The motion was overruled. He has appealed from the judgment and from the order overruling his motion to vacate the default. The company was not named a party to, nor was it served with, notice of the appeals.

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. . . . . " (I. C. A., sec. 11–202.)

An adverse party, within the meaning of this section, is any party to the action or proceeding whose interests might be prejudicially affected by reversal or modification of the judgment or order appealed from. Service of the notice of appeal on all such adverse parties, or their attorneys, is necessary to give this court jurisdiction of the case. (*Jones v. Quantrell*, 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington*, 2 Ida. 627, 23 Pac. 80; *Aulbach v. Dahler*, 4 Ida. 522, 43 Pac. 192; *Lydon v. Godard*, 5 Ida. 607, 51 Pac. 459; *Lewiston National Bank v. Tefft*, 6 Ida. 104, 53 Pac. 271; *Titiman v. Alamance Mining Co.*, 9 Ida. 240, 74 Pac. 529; *Baker v. Drews*, 9 Ida. 276, 74 Pac. 1130; *Reed v. Stewart*, 12 Ida. 699, 87 Pac. 1002, 1152; *Doust v. Rocky Mountain Bell Tel. Co.*, 14 Ida. 677, 95 Pac. 209; *Diamond Bank v. Van Meter*, 18 Ida. 243, 108 Pac. 1042, 21 Ann. Cas. 1273; *Berlin Machine Works v. Bradford-Kennedy Co.*, 21 Ida. 669, 123 Pac. 637; *Miller v. Wallace*, 26 Ida. 373, 143 Pac. 524; *State Bank v. Watson*, 27 Ida. 211, 148 Pac. 470; *Bridgham v. National Pole Co.*, 27 Ida. 214, 147 Pac. 1056; *Glenn v. Aultman & Taylor M. Co.*, 30 Ida. 727, 167 Pac. 1163; *Williams v. Sherman*, 34 Ida. 63, 199 Pac. 646; *Kline v. Shoup*, 35 Ida. 527, 207 Pac. 584; *Bannock National Bank v. Automobile A. Co.*, 36 Ida. 527, 212 Pac. 864; *Lind v. Lambert*, 40 Ida. 569, 236 Pac. 121; *Abel v. Robert Noble Estate*, 43 Ida. 391, 252 Pac. 493; *Mahaffey*

*v. Pattee,* 46 Ida. 16, 266 Pac. 430; *Gibson v. Boone,* 47 Ida. 735, 279 Pac. 409.)

Counsel for appellant insist the rule above stated does not apply to the appeal from the order overruling the motion to vacate the default, and that this court has jurisdiction to review that ruling.

The purpose of the law requiring that notice of appeal be given to all parties to the action or proceeding whose interests may be prejudicially affected by a reversal or modification of the judgment or order appealed from, is that they may have an opportunity to protect their interests. An examination of the cases above cited will show that, in applying the rule of law under consideration, this court has made no distinction between appeals from judgments and appeals from orders. The nature of the decision appealed from is not controlling; the effect of a reversal or modification upon the rights of the parties to the action or proceeding controls, in determining who shall be made parties to the appeal.

It does not appear whether a sale has, or has not, been made pursuant to the attempted lien foreclosures. If such a sale has been made it is void because in excess of the relief prayed for. (I. C. A., sec. 7–704; *Washington County etc. Co. v. Weiser Nat. Bank,* 26 Ida. 717, 146 Pac. 116; *Gile v. Wood,* 32 Ida. 752, 188 Pac. 36; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1923; *Angel v. Mellen,* 48 Ida. 750, 285 Pac. 461.)

As the case now stands respondents have valid judgments against the company for the money due them and their liens upon the lands described in their complaint have been adjudged to be prior and superior to the McLaren judgments and to his claims of ownership. The purchase by McLaren at execution sale satisfied his judgments against the company to the extent of the amount bid by him for the property, and he took title subject to the liens of respondents. If the default should be vacated and he should be permitted to answer it might result in depriving re-

spondents of the priority of their liens upon the property he purchased and, in that event, they would have recourse against any property the company has, or may hereafter acquire, for the money due them.

The company is a party adverse to appellant within the meaning of sec. 11–202, and, notice of these appeals not having been served upon it, the court is without jurisdiction and the appeals are dismissed. Costs are awarded to respondents.

Givens, Holden, Wernette, JJ., and Sutphen, D. J., concur.