(No. 6283.   December 18, 1935.)

BOBBY DEAN HUTTON, Respondent, v. RALPH DAVIS, Sub-contractor for Tony Marrazzo, employer, and STATE INSURANCE FUND, surety, Appellants.

[53 Pac. (2d) 345.]

J. Ward Arney and P. C. O'Malley, for appellants.

Ben F. Tweedy, for respondent.

No authorities cited on points decided.

MORGAN, J.—William Hutton was killed in an accident which arose out of and in the course of his employment by Ralph Davis who held a sub-contract from Tony Marrazzo for the work he was doing. Davis had no industrial accident insurance and State Insurance Fund was Marrazzo's surety and is liable for any award made to the dependents of the deceased employee. The son of deceased, 29 years old, his daughter, 31 years old, and his grandson, Bobby Dean Hutton, 2 years and 10 months old, made claim for compensation as his dependents. The State of Idaho, on relation of Harry C. Parsons, state auditor, made claim pursuant to I. C. A., sec. 43–1101, subsec. 6, wherein it is provided:

"In case there are no dependents of deceased employee, the employer shall pay into the state treasury to be deposited in the industrial administration fund the sum of $1,000."

The industrial accident board disallowed the claim of the state and of the son and daughter of deceased, and awarded to his grandson, respondent herein, compensation at the rate of $6 a week during the continuance of his condition of actual dependency, but not to exceed a period of 400 weeks from and after the date of the death of his grandfather, "said award to be paid to a legal guardian of the said minor, Bobby Dean Hutton, when such guardian is appointed and qualified." From that award the state, the employer and the insurance fund appealed to the district court. No appeal was taken by the son or daughter of deceased. The district court affirmed the award, and the employer and insurance fund have attempted to appeal to this court from the judgment of affirmance.

No one has appeared herein as general guardian for Bobby Dean Hutton and no guardian ad litem has been appointed for him. I. C. A., sec. 5–306 contains the following:

"When an infant or an insane or incompetent person is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court in which the

action is pending in each case, or by a judge thereof, or a probate judge. . . . . "

The infant respondent, not having appeared by general guardian or by a guardian *ad litem*, is without legally constituted representation on this appeal. Following is the proof of service of notice of appeal to this court:

"(TITLE OF COURT AND CAUSE)
ACCEPTANCE OF SERVICE

"The undersigned attorney for respondents hereby receipts for a copy of the notice of appeal on the date hereof.

"DATED, this 11th day of July, 1935.

"BERT H. MILLER,
"Attorney General,
"Attorney for respondents."

A like receipt for copy of notice of appeal appears to have been signed by Ben F. Tweedy, attorney for respondents.

██ The son and daughter and infant grandson of deceased and the State of Idaho, on relation of Harry C. Parsons, state auditor, were named as respondents in the notice of appeal, and it was addressed to them, although none of them except the grandson was successful before the board or the district court, nor could the interests of either, other than the grandson, be prejudicially affected by a reversal or modification of the judgment. No reference is made in the notice of appeal to a general guardian or a guardian *ad litem* for the infant respondent, and service of notice of appeal was not made on anyone the law recognizes as having authority to represent him.

I. C. A., sec. 11–202 provides:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. . . . . "

Adverse party, as that term is used in the statute, has been defined as "any party to the action or proceeding whose interests might be prejudicially affected by reversal or modification of the judgment or order appealed from. Service of

notice of appeal on all such adverse parties, or their attorneys, is necessary to give this court jurisdiction of the case." (*Sonleitner v. McLaren*, 52 Ida. 791, 793, 20 Pac. (2d) 1014, 1015; and cases therein cited.)

■■ In an effort, apparently, to give this court jurisdiction of the infant respondent the following stipulation was filed with our clerk November 25, 1935:

"IT IS STIPULATED, between P. C. O'Malley and J. Ward Arney, attorneys for appellants, and Ben F. Tweedy, attorney for respondents, that the transcript herein may be deemed to be supplied with the following facts:

"1. That Opal Hutton, natural mother of Bobby Dean Hutton, minor respondent herein, was duly appointed as guardian of the person and estate of the said minor in the Probate Court of Nez Perce County, State of Idaho, on the —— day of July, 1934, and thereafter qualified as such guardian and has continued to be the guardian for said minor at all times since.

"2. That, as the guardian of said minor, the said Opal Hutton employed Mr. Ben F. Tweedy as the attorney for the respondent minor on appeal from the Industrial Accident Board to the District Court and on appeal from the District Court to the Supreme Court of the State of Idaho, and that the said Ben F. Tweedy was and is the attorney of record for said minor respondent on both said appeals.

"DATED as of the 12th day of November, 1935."

The requirement contained in I. C A., sec. 5-306 that an infant "must appear either by his general guardian or by a guardian *ad litem*" was not satisfied by the appointment of a general guardian and the employment, by her, of an attorney to represent the ward. The statute does not permit the guardian to send the ward into the action, but requires that the ward appear by guardian. This means the guardian must be made a party to the action or proceeding and must appear therein for and on behalf of the ward.

No effort appears to have been made to conform to the statute requiring the infant to appear by guardian. The stipulation shows the probate court appointed his mother

guardian for him and that she qualified as such. This appointment was probably made pursuant to the provision in the award requiring that the money therein mentioned be paid to a guardian for the minor. It is the duty of the guardian to collect and receive that money for the ward. Therefore she is, in her capacity as guardian for her son, an indispensable party to this proceeding and is an adverse party within the meaning of I. C. A., sec. 11-202, above quoted. The notice of appeal was not served on her, nor was it addressed to her, nor is she therein named as respondent.

"Where a notice of appeal is addressed to certain parties, naming them, its legal effect is limited to such parties only." (*Glenn v. Aultman & Taylor M. Co.*, 30 Ida. 727, 167 Pac. 1163; *Williams v. Sherman*, 34 Ida. 63, 199 Pac. 646; *Mahaffey v. Pattee*, 46 Ida. 16, 266 Pac. 430; *Walker v. Shell*, 48 Ida. 481, 282 Pac. 947.)

The notice of appeal not having been served on the guardian for the infant respondent, and he not being represented here by anyone having authority to represent him, we are without jurisdiction of the appeal and it is, therefore, dismissed.

Givens, C. J., and Budge, Holden and Ailshie, JJ., concur.