847 P.2d 1181

**SECURITY PACIFIC BANK OF IDAHO, F.S.B., Plaintiff–Respondent,**

v.

**Carl CURTIS, Defendant–Appellant,**

and

**Sandra Firth; Robert C. Huntley; Givens, Pursley, Webb & Huntley, and E. Lee Schlender, Defendants.**

**No. 19133.**

Court of Appeals of Idaho.

Feb. 11, 1993.

Petition for Review Denied March 31, 1993.

E. Lee Schlender, Hailey, for defendant-appellant.

Hawley, Troxell, Ennis & Hawley, Ketchum, for plaintiff-respondent. Edward A. Lawson, argued.

WALTERS, Chief Judge.

This is an appeal in an action filed under Idaho's interpleader statute, I.C. § 5–321.[1] In the proceeding below, the plaintiff, Security Pacific Bank of Idaho, F.S.B., tendered to the court certain funds claimed by other parties named as defendants by the Bank in the action. The court subsequently granted a summary judgment awarding the funds to some of the named defendants. A defendant who did not prevail in the action, Carl Curtis, brought this appeal, contending that he, not the others, was entitled to the funds. Curtis presents the following issues for review. (1) Did the district court err in granting the motion for summary judgment? (2) Did the court err in not granting a motion by Curtis, under I.R.C.P. 56(f), to vacate a hearing on the summary judgment motion until responsive pleadings were filed and discovery had been completed? (3) Does res judicata apply when conflicting claims exist with respect to money held in a bank which was served with a writ of execution issued after entry of a judgment in a wholly different case? (4) May attorney fees and costs be awarded without a hearing afforded to the taxed party, and did the court below make proper findings relative to those awards? (5) Did the court err by hearing the motion for summary judgment by telephone conference call in the absence of an express stipulation of the parties under I.R.C.P. 7(b)(4) permitting the motion to be heard by telephone conference call?

Before reaching the issues presented by Curtis, we are faced with a complex threshold question concerning the alignment and presence of parties to this appeal. The question is raised by a motion of the respondent, Security Pacific Bank, to dismiss the appeal because Sandra Firth, one of the other defendants in the trial court proceeding, is not also included as a respondent on the appeal. The Bank characterizes Firth as an "indispensable" party. Disposition of this motion impacts the resolution of issues otherwise raised by the appellant Curtis. As will be explained, we conclude that the appeal should not be dismissed, but we limit our decision on the merits of the appeal to only one issue raised by Curtis, the question relating to the award of costs and attorney fees to the Bank.

## BACKGROUND FACTS AND PROCEDURE

The action was commenced on November 8, 1990, by Security Pacific Bank of Idaho

---

1. I.C. § 5–321 provides:

 **Interpleader.**—In an action commenced by a person possessing specific personal property which is claimed by two (2) or more persons to determine to which the property should be delivered, or in an action for the recovery of specific personal property where a third person demands of the defendant the same property, the court in its discretion, on motion of the person possessing the property, and notice to the persons claiming the property, whether or not they are parties to the action, may, before answer, make an order discharging the person possessing the property from liability to claiming persons and interplead such claiming person or persons in the action. The order shall not be made except on the condition that the person possessing the property shall deliver the property or its value to the clerk of the court or to such custodian as the court may direct, and unless it appears from the affidavit of the person possessing the property, filed with the clerk with the motion, that such person or persons claiming makes or make such demand without collusion with the party possessing the property. The affidavit of such third person as to whether he makes such demand of the defendant may be read on the hearing of the motion.

 A person possessing the property who follows the procedure set forth above may insert in his motion for interpleader a request for allowance of his costs and reasonable attorney fees incurred in such action. In ordering the discharge of such party, the court may, in its discretion, award such party his costs and reasonable attorney fees from the amount in dispute which has been deposited with the court. At the time of final judgment in the action, the court may make such further provision for assumption of such costs and attorney fees by one (1) or more of the adverse claimants. At the same time, the court may, in its discretion, award to the person determined to be entitled to the property his costs and reasonable attorney's fees against an unsuccessful claimant if the claim asserted by said defendant was frivolous or without substantial merit.

against Carl Curtis and other named defendants, including Sandra Firth, who had asserted rights to money represented by a certificate of deposit issued by the Bank to Curtis in the amount of $403,797.57. Pursuant to I.C. § 5–321, the Bank tendered the funds for deposit with the clerk of the district court, requesting that the defendants be required to litigate their claims to the money. Along with its complaint, the Bank filed a motion to interplead and for judgment on the pleadings. By this motion the Bank requested an order (a) enjoining the defendants from prosecuting any action against the Bank to recover the money held in trust for the defendants; (b) granting permission to deposit the funds with the clerk of the court or to deliver the funds to another person as directed by the court; (c) discharging the Bank from any further claims for the recovery of the money; (d) requiring the defendants to interplead their rights with regard to the funds; (e) dismissing the Bank from the action; and (f) allowing the Bank to be paid its costs and attorney fees incurred in the action from the deposited funds.

Also on November 8, the same date the Bank filed its complaint and motion, the defendants—through their respective counsel—entered into a stipulation. They agreed "that the Court may grant the Motion of Security Pacific Bank of Idaho to interplead the funds described in the complaint on file herein and to deposit the same with the Clerk of the Court pursuant to Idaho Code § 5–321." An order was entered the next day, granting the Bank's motion "in all respects" and directing the clerk to take receipt of the funds for the purpose of the interpleader proceedings.

Three of the named defendants, Sandra Firth, her attorney, Robert C. Huntley, and the law firm of Givens, Pursley, Webb and Huntley, then filed a motion for summary judgment, asserting their rights to all of the deposited funds under a writ of execution previously issued in another action in which Firth had obtained a judgment against Curtis. They represented that motions by Curtis to stay the writ of execution on the judgment in that case, pending appeal, had been denied both by the district court and by the Supreme Court. They requested that their attorney fees and the attorney fees incurred by the Bank be assessed against Curtis and not out of the sums held by the clerk of the court through this interpleader action. The motion for summary judgment was scheduled to be heard on December 14, 1990, and to be conducted through a telephone conference call.

Prior to the scheduled hearing, the Bank responded to the motion for summary judgment by asserting that the request to charge the Bank's attorney fees against Curtis personally, and not to allow recovery of the Bank's expenses from the deposited funds, was contrary to the earlier stipulation and order. Curtis also responded to the motion for summary judgment. He contended, in essence, that the case was not at issue because he desired to conduct further discovery and to file additional pleadings including an answer, cross-claims and counterclaims relating to the superiority of the rights of the various parties to the funds in question. He also moved under I.R.C.P. 56(f) to vacate the hearing on the motion for summary judgment and he requested a continuance of the proceeding "until sufficient time has expired for the Defendants herein to file [an] answer, cross or counterclaims or otherwise and, further, to conduct appropriate discovery in the above-entitled proceeding." Firth and Huntley objected to Curtis' motion on the ground that Curtis was simply attempting to collaterally challenge their right to execute on the funds, a matter which they argued was barred under the principle of res judicata.

When the hearing on the motion for summary judgment was commenced, as scheduled, by telephone conference call on December 14, the presiding district judge, Judge Hart, advised counsel that he was voluntarily recusing himself from the case and that another judge would be appointed by the administrative district judge, Judge Becker, to hear the summary judgment motion. Counsel for all parties then informed Judge Hart of their available dates for another hearing. Judge Becker thereafter

appointed himself to hear the motion. Accordingly, the motion for summary judgment eventually was heard by telephone conference call on December 19, a date evidently available to all counsel.[2]

Following that hearing, the district court entered its order and judgment in favor of Firth, Huntley and Huntley's law firm on December 21, directing the clerk of the court to turn the deposited funds over to the county sheriff in accordance with the levy on the writ of execution, but also directing the sheriff to first satisfy the Bank's claim for attorney fees and costs from those funds. The court further ordered Curtis to reimburse Firth for her costs and attorney fees in the action and to reimburse her also for the amount of the attorney fees and costs withheld from the levy for payment of the Bank's attorney fees and costs.

On January 3, 1991, Firth, Huntley and Huntley's law firm filed a memorandum of fees and costs incurred in the interpleader action. On January 4, the Bank filed a similar memorandum. Curtis responded by filing, also on January 4, an objection to the memorandum of costs and fees submitted by Mr. Huntley. Curtis' objection further asserted that there was no basis in law, statute or contract for an award of fees to the Bank. Curtis requested oral argument on his objection; however, the record does not show that any hearing was ever held or that the court ruled on the objection to either of these claims or entered any order approving all or part of the claims.

On January 30, 1991, Curtis filed a notice of appeal from the judgment entered on December 21, 1990. The appeal was assigned by the Supreme Court to this Court for disposition after the parties' briefs were filed and the case had been reviewed for the purpose of retention or assignment. I.A.R. 108.

## MOTION TO DISMISS APPEAL

As noted, before reaching the merits of the issues presented by Curtis, we are faced with the question raised by the respondent Bank: Should the appeal be dismissed because Sandra Firth is not included as a respondent to this appeal? To counter this question, Curtis argues that Firth either is, or should be considered as, a respondent because of several appearances made or attempted to be made on her behalf by her attorney, Robert C. Huntley, in these proceedings.

In order to resolve this query, we will review pertinent provisions of the Idaho Appellate Rules (I.A.R.) in the context of the proceedings in this case. Appellate Rule 4 permits any party aggrieved by a district court's appealable judgment, order or decree (as defined in the appellate rules) to appeal such decision to the Supreme Court. An appeal is commenced by filing a timely notice of appeal. I.A.R. 14.

Curtis' notice of appeal, without designating in the title or caption of the case which party or parties were either an appellant or a respondent, recites:

NOTICE IS HEREBY GIVEN THAT:

1. CARL CURTIS, one of the above-named Defendants, does hereby appeal against Plaintiff Security Pacific Bank of Idaho, F.S.B., to the Idaho Supreme Court from the Order of Judgment issued and filed December 21, 1990, the Honorable Phillip M. Becker, presiding.

Curtis served a copy of the notice of appeal on the attorney for the Bank and upon Robert C. Huntley, pursuant to I.A.R. 20. Rule 20 requires that "[a]t the time of the filing of a notice of appeal or cross-appeal, the appellant or cross-appellant shall serve copies thereof upon all persons who were parties and who appeared in the proceedings below, whether or not they are parties

---

**2.** The appellant represents that, during the telephone conference hearing, his motion to vacate and for a continuance was never mentioned or discussed and the district court never entered any order with respect to that motion. At oral argument on this appeal, the parties indicated that no recording of the telephone conference

proceeding was made nor was a court reporter present for the hearing and, consequently, there has been no transcript of the hearing prepared for this appeal. Such a procedure seems to be at odds with the requirement that the district court be a court of record.

to the appeal." This Rule clearly contemplates that parties to the action in the trial court may not necessarily also be parties to the appellate proceeding.

Another rule, I.A.R. 6, provides that the original title of an action or proceeding, with the names of the parties in the same order, shall be retained on appeal by adding the designations of "appellant" and "respondent." As noted, Curtis' notice of appeal did not contain the additional designations identifying an appellant or a respondent. Obviously, the party filing a notice of appeal becomes the "appellant," or the "cross-appellant" where an adverse party has already timely filed a notice of appeal. I.A.R. 18. Appellate Rule 2 defines a "respondent" as an adverse party who initially is not seeking affirmative relief in cases presented to the appellate court.[3]

■ Thus a subsidiary question surfaces: How does one become a "respondent" to an appeal, in view of I.A.R. 20 which recognizes that not all parties to the action in the trial court may be parties to the appeal? Idaho Appellate Rule 17 sheds light on this question. That rule sets forth the information which should be contained, substantially, in the notice of appeal, including "[t]he name of the appealing party and his attorney *and the name of the adverse party and his attorney.*" I.A.R. 17(d) (emphasis supplied). A form of the notice of appeal is found in I.A.R. 17(1). It provides that the notice of appeal substantially shall contain the following recitals:

| (Title of original action or proceeding together with the additional designation of parties as appellant and respondent) | ) ) ) ) ) | Case No. _____<br>NOTICE OF APPEAL |
|---|---|---|

TO: THE ABOVE NAMED RESPONDENT(S), (Names) AND HIS (THEIR) ATTORNEYS, (Names and Addresses) AND THE CLERK OF THE ABOVE ENTITLED COURT.

NOTICE IS HEREBY GIVEN THAT:

1. The above named appellant(s) (Name) appeal(s) against the above named respondent(s) to the Idaho Supreme Court from (The final judgment) (The order, describing it) _____, entered in the above entitled action (proceeding) on the _____ day of _____, (Honorable Judge _____) presiding.

---

Under this Rule, it therefore appears that a party who initiates the appellate process by filing a notice of appeal has the primary responsibility of designating who will be the respondent or adverse party to that appeal.

Here, Curtis' notice of appeal identified Security Pacific Bank of Idaho, F.S.B., as the only party against whom the appeal was taken. Consistent with I.A.R. 6 and in accord with Curtis' declared alignment of the parties, the district court clerk filed a certificate with the Supreme Court describing the appeal. This certificate showed that the appeal had been taken by the defendant, Curtis, and against the plaintiff, Security Pacific Bank of Idaho. It added to the title of the case the designation of Curtis as the appellant and Security Pacific Bank as the respondent, and left the other named parties aligned only as "defendants" as they were in the trial court and not characterized as parties to the appeal. The appellate register-of-action in this case further shows that the Clerk of the Supreme Court notified counsel for the parties to the appeal of the filing of the certificate. This notice included a copy of the district court clerk's certificate. The notification requested counsel to carefully exam-

---

**3.** Of course, such a party may later seek affirmative relief by timely filing its own notice of appeal, thereby appearing as a cross-appellant. I.A.R. 18.

ine both the title of the case and the certificate, and to advise the district court clerk and the Clerk of the Supreme Court of any errors detected; otherwise, all documents thereafter filed in the appeal would utilize the title as it appeared on the district court clerk's certificate. Evidently, no errors or requested changes were ever communicated in response to this notice and the title to this case remained as certified by the clerk of the district court.

■■■ A corrective change to the designation of the parties to an appeal, as they appear in the notice of appeal, may be possible under another sub-part of Rule 17. Rule 17(j) provides a method for modifying a notice of appeal. It recites:

> **Amended Notice of Appeal**—In the event the original notice of appeal erroneously states any of the information and requirements of this rule or additional facts arise after the filing of the initial notice of appeal, the appellant may thereafter file an amended notice of appeal correctly setting forth the facts and information. An amended notice of appeal shall be filed with the clerk of the district court in the same manner as the original notice of appeal but no filing fee shall be required. If the original notice of appeal was timely filed from an appealable judgment, order or decree, the amended notice of appeal will relate back to the date of filing of the original notice of appeal.

However, in the present action, it appears that no amended notice of appeal was ever filed by Curtis for any purpose, including cure of the lack of designation of Sandra Firth as a respondent to the appeal.[4]

There is another way that a party not initially designated as a participant in an appeal may appear in the proceeding. This is under I.A.R. 7.1, permitting intervention. That rule provides:

> **Intervention**—Any person or entity who is a real party in interest to an appeal or proceeding governed by these rules *or whose interest would be affected by the outcome of an appeal* or proceeding under these rules may file a verified petition with the Supreme Court asking for leave to intervene as a party to the appeal or proceeding and serve a copy thereof upon all parties to the appeal or proceeding. The petition shall be processed as a motion in accordance with Rule 32 of these rules, and if the Supreme Court finds that such petitioning person or entity is a real party in interest *or would be affected by the outcome of the appeal* or proceeding, the Court may, in its discretion, grant leave to the petitioning party to intervene as a party appellant or respondent; and if leave is so granted such petitioning party shall thereafter be a party to the appeal or proceeding for all purposes under these rules. [Emphasis supplied.]

The appellate record in this case shows that Sandra Firth, through her attorney Robert C. Huntley, attempted to participate to a limited degree in the appeal. On August 22, 1991, Curtis filed a motion with the Supreme Court for an extension of time to November 15 within which to file the appellant's opening brief. In response to this motion, Huntley submitted to the Supreme Court an objection to the granting of an extension of time to the appellant. This objection was rejected for filing by the Clerk of the Supreme Court. He wrote a letter to Huntley, explaining:

> the appeal and allowing the Supreme Court full consideration of whether to retain the case or assign it to the Court of Appeals for disposition or, at the very least, before submission of the case to this Court for decision on the merits and for determination of the rights and interests of the various parties who might be affected by the appeal. Here, the notice of appeal was filed on January 30, 1991, and the case was submitted for decision following oral argument on the merits on January 6, 1993, a time span of almost two years.

---

4. We note that there is no time limit expressed in Rule 17(j) for the filing of an amended notice of appeal, nor are we aware of any determination by our Supreme Court that establishes, by case law, a time frame within which such an amendment reasonably may be filed. It appears that an amendment for the purpose of adding or redesignating the alignment of parties to an appeal ought to occur either prior to the Supreme Court's assignment of the case to the Court of Appeals so all parties have been provided with opportunities to file briefs setting forth their respective positions on the issues raised by

I have reviewed your Objection to Briefing Time Extension and supporting Affidavit you submitted in the above case. *Our records show that you are not participating in this appeal.* You do represent the respondent in appeal No. 18871, Curtis v. Firth. Accordingly I am not able to file your objection in this case. I will hold the objection and affidavit unfiled for seven days to allow you to file a Petition to Intervene or other appropriate Motion. The Court is unable to take any action on your objection at this point. [Emphasis supplied.]

Huntley then filed notices of special appearance and motions to dismiss the appeal for failure to join Firth as a party respondent or for continuance of the briefing schedule until the motion to dismiss had been decided. Curtis filed a response to these motions, asserting that although Firth was not named as a respondent in the appeal, the attempted appearance by Huntley on August 28 when he submitted the objection to Curtis' request for an extension of time to file the latter's brief, vested the Supreme Court with jurisdiction over Firth. Curtis also stated he had no objection to continuance of the briefing schedule as requested by Huntley's other motion.

The Supreme Court acted on Huntley's special appearances and motions, entering an order which recited:

A SPECIAL APPEARANCE AND MOTION TO DISMISS APPEAL with supporting BRIEF with attachments was filed January 6, 1992, by Sandra Firth, *a defendant in the trial court, but not a party to this appeal*, together with a SPECIAL APPEARANCE AND MOTION FOR CONTINUANCE OF BRIEFING SCHEDULE. A RESPONSE OF APPELLANT CURTIS TO MOTION TO DISMISS APPEAL with attachments was filed by Appellant January 10, 1992. The Court is fully advised; therefore, after due consideration.

IT IS HEREBY ORDERED that the SPECIAL APPEARANCE AND MOTION TO DISMISS APPEAL and SPECIAL APPEARANCE AND MOTION FOR CONTINUANCE OF BRIEFING SCHEDULE be, and they hereby are, DENIED. [Emphasis supplied.]

Thus, both by the letter rejecting Huntley's objection to Curtis' request for an extension of time for filing a brief and by the above order denying Huntley's special appearances and motions submitted on behalf of Firth, the Supreme Court made it clear that Firth was not a party to the appeal. This course of action also demonstrates that Huntley's several efforts to present his objections or motions to the Supreme Court would not be considered by the Court alternatively as a petitions or requests to intervene in the appeal under I.A.R. 7.1. The record further shows that otherwise Firth never filed a petition under Rule 7.1 to intervene in the appeal. Finally, the Supreme Court's order denying Huntley's special appearances implicitly rejected Curtis' assertion that the Court was "vested" with jurisdiction over Firth as a result of Huntley's objection to Curtis' earlier request for an extension of time to file a brief.

 We believe we safely can conclude that Firth, named as a defendant in the trial court action, is not a party respondent to this appeal. This brings us back to the initial question raised by the Bank's motion to dismiss this appeal: Should the appeal be dismissed because Firth is not a respondent?

The answer to this question, we believe, depends upon the relief which may be afforded by this appeal. To the extent that Curtis claims, and establishes, error with respect to the lower court's award of affirmative relief to the Bank, the failure to name Firth as a respondent may be disregarded as having no effect on any dispute existing between the Bank and Curtis which can be resolved in this appeal. However, Firth's absence as a party to the appeal certainly prevents us from granting any relief to Curtis as against Firth, who has not presented her position with regard to any dispute between Curtis and her concerning resolution of the summary judgment proceeding in her favor. This seems a well-settled principle of due process and is consistent with existing Idaho cases ex-

pressing, in earlier times, the approach that an appellate court will not grant relief to an appellant as against another party who is not properly brought before the court as a respondent. See, for example, the following decisions under prior Idaho law requiring service of a notice of appeal in order to perfect the appeal against other parties whose interests might be prejudicially affected by a reversal or modification of the judgment or order appealed from, so those parties may have an opportunity to protect their interests: *Finlayson v. Humphreys*, 67 Idaho 193, 174 P.2d 210 (1946); *Hutton v. Davis*, 56 Idaho 231, 53 P.2d 345 (1935); *Sonleitner v. McLaren*, 52 Idaho 791, 20 P.2d 1014 (1933) (the nature of the decision appealed from is not controlling; the effect of a reversal or modification upon the rights of the parties to the action or proceeding controls, in determining who shall be made parties to the appeal); *Williams v. Sherman*, 34 Idaho 63, 199 P. 646 (1921); *Glenn v. Aultman & Taylor Mach. Co.*, 30 Idaho 727, 167 P. 1163 (1917) (where a notice of appeal is addressed to certain parties, naming them, its legal effect is limited to such parties only); *Weeter Lumber Co. v. Fales*, 20 Idaho 255, 118 P. 289 (1911); and *Jones v. Quantrell*, 2 Idaho 153, 9 P. 418 (1886) (appeal dismissed because defendant-appellant's notice of appeal in mortgage foreclosure action was addressed to, and served upon, plaintiff only; co-defendant whose interests might be affected by reversal or modification of the judgment was not included as a respondent).

The case before us, however, raises at least one issue—the recovery of costs and attorney fees by the Bank—which may be considered independent of Curtis' challenges to the summary judgment in favor of Firth. Resolution of this issue may be reached without affecting Firth's interest arising from the judgment.

Accordingly, we deny the Bank's motion to dismiss the appeal. Instead, we deem ourselves constrained not to decide any issues raised by Curtis which may result in a modification or reversal of the summary judgment granted in favor of Sandra Firth and against Curtis, affecting Firth's interests or rights established by the judgment. These include the merits of the judgment itself; the procedure followed in arriving at the judgment, including the questions of the effect of the lack of a stipulation for telephone conference call in summary judgment proceedings and whether the court erred by not granting Curtis' motion for a continuance; whether res judicata applied; and whether the court committed some error with respect to the taxation of attorney fees and costs in favor of Firth. We conclude we are free, however, to decide whether the court committed error with respect to the taxation of attorney fees and costs in favor of Security Pacific Bank, a matter not affecting any interest inuring to Firth from the judgment.

## BANK'S COSTS AND ATTORNEY FEES

The Bank had requested an award of fees and costs under I.C. § 5–321, the interpleader statute, in its complaint. This statute provides that, when the court orders discharge of the party tendering property through an interpleader action,

> [T]he court may, in its discretion, award such party his costs and reasonable attorney fees from the amount in dispute which has been deposited with the court. At the time of final judgment in the action, the court may make such further provision for assumption of such costs and attorney fees by one (1) or more of the adverse claimants.

Consistent with the authority provided under this section, the court awarded the Bank its costs and attorney fees, to be paid from the funds deposited with the clerk of the court in this action. The court's determination was also consistent with the stipulation of the parties entered into in response to the Bank's motion filed with its complaint. It will be recalled that the Bank moved for an order approving deposit of the funds with the clerk; discharging the Bank from the defendants' claims; dismissing the Bank from the action; and allowing the Bank to recover its costs and attorney fees. The stipulation agreed that the court could grant the Bank's motion. Upon receipt of the stipulation, the court

entered an order granting the Bank's motion "in all respects." This resolution occurred prior to the summary judgment hearing; insofar as the Bank was concerned, the hearing for summary judgment involved only the interrelated question of whether the Bank's claim for costs and fees should be satisfied from the deposited funds or paid by Curtis personally. The order entered on the summary judgment motion merely confirmed the earlier order granting the Bank's request to be allowed its fees and costs and also settled the issue of whether the Bank's claim should be satisfied from the deposited funds.

As noted previously, the Bank filed its memorandum of costs and attorney fees incurred in the action, on January 4, 1991. The Bank requested recovery of the sum of $53 as its filing fee cost and $2168.50 as a reasonable sum for its attorney fees. That same date, Curtis filed an objection to the claim. This objection did not dispute the reasonableness of the amounts claimed by the Bank, but simply stated "there is no basis in law, statute or contract for Security Pacific [Bank] to be awarded any attorney fees whatsoever." Curtis also requested oral argument on his objection. The record does not show that any hearing was held thereafter or that the court ever decided the specific amount, if any, which the Bank should receive. It is clear that under I.A.R. 13(b)(9) the district court had continuing jurisdiction "to make any order regarding the taxing of costs or determination of attorney fees incurred in the trial of the action" notwithstanding the filing of the notice of appeal on January 30.

It is equally clear that Curtis did not challenge the reasonableness of the amounts of the Bank's claim. He only contests the *entitlement* to the award. *See Wefco, Inc. v. Monsanto Co.,* 111 Idaho 55, 720 P.2d 643 (Ct.App.1986), *rev'd in part, Borchard v. Wefco, Inc.,* 112 Idaho

555, 733 P.2d 776 (1987); *Devine v. Cluff,* 110 Idaho 1, 713 P.2d 437 (Ct.App.1986). The entitlement is sufficiently established, as a discretionary decision of the district court, under I.C. § 5–321. Curtis has not shown that the district court abused its discretion in deciding to make the award and we sustain the district court's decision in that regard. Because Curtis did not otherwise object to the amounts claimed, the district court should enter a supplemental judgment upon receipt of the remittitur from this appeal, awarding costs and attorney fees to the Bank in a reasonable, specified amount, if it has not already done so. *See Operating Engineers Local Union 370 v. Goodwin Constr. Co.,* 104 Idaho 83, 656 P.2d 144 (Ct.App.1982).

## CONCLUSION

In summary, we decline to address the issues raised by Curtis that may affect the interests of Sandra Firth, because she is not a respondent to this appeal. We affirm the determination of the district court allowing recovery by the Bank of its costs and attorney fees from the deposited funds, and direct the district court to enter a supplemental judgment in favor of the Bank consistent with this opinion. We award no attorney fees on appeal but allow the respondent, Security Pacific Bank of Idaho, F.S.B., to recover its reasonable costs incurred in an amount to be determined under I.A.R. 40.

SWANSTROM, J., and McQUADE, J. Pro Tem., concur.